384 So.2d 786 (1980)
STATE of Louisiana
v.
Eddie LANDRY.
No. 65971.
Supreme Court of Louisiana.
May 30, 1980.
*787 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Asst. Dist. Atty., for plaintiff-respondent.
Louis A. Heyd, Jr., New Orleans, for defendant-relator.
BLANCHE, Justice.[*]
Defendant was charged with two counts of armed robbery in violation of La.R.S. 14:64. He has not been brought to trial since further proceedings below await disposition of the matters here raised by defendant's writ application which this Court granted November 12, 1979.
Two armed robberies occurred in Jefferson Parish along Williams Boulevard. The first was at the Sights & Sounds TV Rental on July 14, 1979; the second occurred at T & A Auto Parts on July 15, 1979. In each case, two persons participated in the commission of the offense. The defendant was subsequently identified as one of the robbers by an eyewitness to each robbery.
The defense filed three motions: an application for bill of particulars, a prayer for oyer and discovery, and a motion for discovery and inspection. A preliminary examination was held by the Twenty-Fourth Judicial District Court on September 21, 1979; a second hearing on various pre-trial motions was on October 19, 1979. Defendant's complaints before this Court arise out of the evidence and rulings in these two hearings. In these motions, defendant sought:
1. Names and addresses of those eyewitnesses unable to identify defendant's picture in a photographic lineup (Prayer for Oyer and Discovery).
2. The time of day each of the robberies is alleged to have occurred (Request for a Bill of Particulars).
3. The initial description of the armed robber which the police had obtained from the victim or victims immediately subsequent to the robberies (or robbery) (Request for a Bill of Particulars).
The trial judge ruled in favor of the state and denied relator the information sought hereinabove. We granted writs to consider the matters.
With regard to defendant's request to be furnished the names and addresses of those robbery eyewitnesses who were not able to identify defendant's photograph as a photograph of one of the robbers, the defendant only learned of the existence of these witnesses from the arresting officer's testimony given at the preliminary examination. The officer, Sergeant James Gallagher of the Kenner Police Department, testified that when defendant was arrested on August 6 for an unrelated crime, his photograph taken at that time was used in the two photographic lineups here questioned. At these two lineups, a victim in each armed robbery chose defendant's photograph as one of the robbers. However, others who also were victims or witnesses in these robberies viewed the photographs and were unable to identify defendant as one of the participants.
Defendant argues that because such information contradicts any identification of him as a robber, it is exculpatory in nature and should be furnished him under the principles of law articulated in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) applied by this Court in numerous instances, among the more recent being State of Louisiana v. Brooks, (No. 65812) (La. 1980).
In Brady, the United States Supreme Court held that the suppression of evidence favorable to an accused, when the accused has requested any such evidence, violates due process in the event the evidence is *788 material either to guilt or to punishment, irrespective of the good or bad faith of the prosecution. In Moore v. Illinois, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972), Justice Blackmun writing for the Court stated:
"The heart of the holding in Brady is the prosecution's suppression of evidence, in the face of a defense production request, where evidence is favorable to the accused and is material to guilt or to punishment." 408 U.S. at 794, 92 S.Ct. at 2568, 33 L.Ed.2d at 713.
The Brady standard emerged in a postconviction review, and a judgment as to whether the evidence was favorable and material was made on a record that had already been perfected. However, in this pre-trial request, there is no way of knowing whether the evidence will eventually turn out to be Brady material unless the defendant is permitted to pursue the witnesses for that purpose.
In State v. May, 339 So.2d 764, 770 (La. 1976), this Court, relying on United States v. Agurs, supra, held that when a substantial basis for claiming materiality exists, the prosecutor should have complied with the defendant's pre-trial disclosure request or submitted the matter to the Court. Later, in State v. Talbot, (No. 62,832) (La. 1980), we held that:
"Before trial or at trial a prosecutor should disclose evidence when he is uncertain whether it is sufficiently material to require disclosure under Brady, because the significance of an item can seldom be predicted before the entire record is completed... In contrast, a judge in a post-trial hearing has the entire record before him, can ascertain the materiality of the omitted evidence in the context of the entire record, and can determine from all the evidence whether the evidence was so material that its omission resulted in denying defendant his right to a fair trial."
Thus, if defendant were permitted to develop from the witnesses evidence which would create a reasonable doubt as to the accuracy of the identification of the defendant by other witnesses, then the character of such evidence may be reasonably described as favorable, and certainly material, as it bears upon the question of defendant's guilt. Brady, supra.
Therefore, when defendant makes a substantial showing in advance of trial that the information sought may reasonably prove to be exculpatory and material, the defendant's due process right to prepare his defense and thus receive a fair trial demands disclosures.
We find that the defendant had made such a showing here, and accordingly, reverse the ruling of the trial judge denying him this information.
In relator's next assignment of error, he complains that the trial judge erred in ruling that the state's answer to paragraph one of defendant's application for a bill of particulars was sufficient.
In defendant's application for the bill of particulars, he requested that he be furnished with the exact time of the armed robbery charged in counts one and two, respectively. In response, the state directed counsel's attention to the bill of information which contained the dates and the victims of the two armed robberies. Nevertheless, defendant insists that he is entitled to know the time said robberies were committed because if he is presumed to be innocent until proven guilty, then he cannot be presumed to know the time at which he allegedly committed said robberies (citing La.Const. art. 1, § 15).
Additionally, he states that such information could well be exculpatory or could lead to exculpatory information. In particular, he postulates that if he knew prior to trial the time when the crime occurred, he may, for example, be able to provide an alibi defense and thus, he is faced with going to trial without evidence which could prove his innocence (that is, without witnesses who could testify that he was nowhere near the scene of the crime at that particular time).
We have held on numerous occasions that a defendant is not entitled to be informed as to the time of day the alleged robbery is *789 said to have occurred, as time is not an essential element of armed robbery. State v. Monk, 315 So.2d 727 (La.1975), and cases there cited. It also seems to us that if the defendant wishes to know the time that each of the crimes was committed, he could obtain this information on his own by consulting with the victims in each case. The bill of information states that he did rob Kenneth Cochran, Sr. and Andrew A. Jaufre on July 15, 1979, and in another count, robbed Sidney Foret on July 14, 1979, and undoubtedly, information from these victims as to the time of the robbery is as readily available to defendant as it is to the state. In any event, it would amount to no more than a mere detail with which the state expects to prove its case and it is well-settled that a defendant is not entitled to the details of evidence with which the state expects to prove its case. State v. Vince, 305 So.2d 916 (La.1974); State v. Womack, 283 So.2d 708 (La.1973); State v. Monk, supra.
This assignment is without merit.
By the next assignment of error, defendant contends that the trial court erred in ruling that the state gave a sufficient answer to defendant's request that he be furnished with the initial description of the robber given by the victim in each robbery. The state's response to the request had been that defendant was not entitled to that information.
This Court has been consistent in holding that an accused is not entitled to the details of evidence which the state intends to use against him. Vince, Womack and Monk, supra. We have specifically held that information relative to the victim's initial description of a perpetrator of a crime is such evidence as is not discoverable by the defense. State v. Knight, 323 So.2d 765 (La. 1975). In the absence of any showing that such description would fall within the scope of Brady/Agurs, this detail of the information which the state has does not have to be disclosed. The ruling of the district court was correct.
For these reasons, it is hereby ordered:
That the judgment of the trial court in overruling defendant's prayer for oyer wherein defendant requested the state to furnish the names and addresses of those eyewitnesses unable to identify the defendant's photograph in a photographic lineup is hereby reversed.
That the judgment of the trial court in denying defendant's two requests for a bill of particulars wherein defendant requested information as to the time of day that each of the robberies is alleged to have occurred and the initial description of the armed robber which had been obtained from the victim or victims immediately subsequent to the alleged robberies, is hereby affirmed.
It is further ordered that this prosecution be and the same is hereby remanded to the district court with instructions to issue such orders as are necessary for compliance with this opinion and for further proceedings in accordance with law.
NOTES
[*] Honorable Edward A. de la Houssaye, III participated in this decision as Associate Justice Ad Hoc.