390 So.2d 878 (1980)
STATE of Louisiana
v.
Egbert ANDERSON.
No. 67377.
Supreme Court of Louisiana.
November 10, 1980.
*879 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., J. Kevin McNary, David R. Paddison, Asst. Dist. Attys., for plaintiff-appellee.
John M. Lawrence, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
DENNIS, Justice.
Defendant, Egbert Anderson, was convicted of first degree murder in violation of La.R.S. 14:30. The unanimous jury recommended a life sentence without benefit of parole, probation or suspension, and the trial judge sentenced the defendant accordingly. Defendant appeals his conviction on the basis of fourteen assignments of error, only ten of which are argued here. We find no merit to these assignments and therefore affirm.
The defendant was charged with shooting a man at close range in the early morning hours of October 20, 1979. The state's three eyewitnesses testified that the defendant shot the victim at close range with a pistol and one witness testified further that he saw the defendant bend over the victim and remove something from his body. The defense witnesses-the defendant's mother, sister, and a family friend, all testified that Anderson was with them at a neighborhood bar during the time the killing took place.

ASSIGNMENT OF ERROR NO. 1
By this assignment, the defendant argues that the trial court erred in denying his motion to quash the jury panel, or alternatively, to grant a continuance until another jury panel could be assembled.
*880 Defendant alleges that the January, 1980 jury panel considered twelve first-degree murder trials in one month, that after these trials assistant district attorneys told certain jurors that defendants who do not take the witness stand probably have criminal records, and that the jury panel was exposed to extensive media coverage of a rash of murders early that year. However, defendant failed to present any evidence to prove these allegations. La.C.Cr.P. art. 419. Neither does the defendant show an abuse of the trial judge's denial of his motion to continue. La.C.Cr.P. art. 712.
This assignment lacks merit.

ASSIGNMENTS OF ERROR NOS. 2 AND 4
The defendant here contends that the trial court erred in overruling his motion to suppress identification and in failing to require the state to furnish the name and criminal record of a state witness who testified at the hearing on the motion and later at trial. The defendant claims to have been prejudiced by the state's withholding of the witness' full name and by its giving the defendant an "incomplete and defective `rapsheet.'"
The record, however, reflects that the defendant knew the witness' name at the motion to suppress and that she was fully identified at trial. The record also shows that the state gave the defendant the only "computer rap sheet" that it had on the witness. Defense counsel questioned this witness at length at trial about her past convictions and also impermissibly elicited admissions regarding other illegal activity. The defendant does not claim that the witness had any convictions other than those disclosed. Thus, we disagree with the defendant that his ability to cross-examine this witness effectively was impaired or that the state withheld any material information regarding this witness in its possession. This case is distinguishable from State v. Harvey, 358 So.2d 1224 (La.1978), in which the trial judge did not require the prosecutor to respond to a specific request by the defendant for any conviction records of prospective state witnesses it had.
These assignments lack merit.

ASSIGNMENT OF ERROR NO. 7
The defendant maintains that the trial court erred in admitting three photographs of the victim and scene of the offense. He asserts that the photographs were cumulative and irrelevant. The photographs in this case were relevant however, to establish the manner and cause of death. See State v. Vernon, 385 So.2d 200, 204 (La.1980). Although the photographs are not in the record before us, the defendant does not allege that they were gruesome or inflammatory. Thus, even if the probative effect of the photographs was not great, the trial court did not err in allowing their admission in the absence of any inflammatory effect. See State v. Gilmore, 332 So.2d 789, 795-96 (La.1976).
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 8
The defendant by this assignment alleges that the trial judge erred in overruling his objection to the proposed testimony by state's witness, a police detective, concerning the reasons anonymous phone calls are made to him. An anonymous caller had given the police information which had contributed to the arrest of Anderson. The prosecutor asked Detective Rice, who had received the particular anonymous tip in this case, why he got such anonymous calls in murder cases. The defendant objected on the grounds that the detective did not know the reasons. The trial judge overruled the objection, allowing the detective to answer if he knew. The detective thereupon stated that he believed the callers wanted to see the perpetrator brought to justice, but avoid having to testify in court.
Courts have generally discouraged the use of opinion evidence because it is less positive than strictly factual testimony, may unduly influence the fact finder, and undercuts judicial economy. Opinion and Expert Evidence Under the Federal Rules: Federal Rules Symposium, 36 La.L.Rev. 123, 124, 126 n. 24 (1975). See 3 J. Wigmore, Evidence §§ 1918, 1920, 1924 (1st ed. 1904). According to La.R.S. 15:463, a lay *881 witness in a criminal case is only allowed to testify as to facts within his knowledge, not as to his impressions or opinions. A more liberal approach to the admission of opinion testimony by lay witnesses is taken in FRE 701 which allows the admission of opinions and inferences which are rationally based on the perception of the witness and helpful to a clear understanding of his testimony or the determination of a fact in issue. We have stated that a lay witness may draw natural inferences from facts personally observed by him. State v. Stewart, 357 So.2d 1111, 1115-16 (La.1978); State v. Stripling, 354 So.2d 1297, 1305 (La.1978).
We think the trial judge erred in allowing the detective to give his opinion regarding the reasons he gets anonymous calls. His opinion is not an inference drawn from facts obtained first-hand, neither does his testimony bear on a fact in issue. A generalized opinion on why anonymous tips are made is not relevant to a material issue in this case. However, it does not appear reasonable that the expression of this opinion by the officer would have contributed to the defendant's conviction.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 10
The defendant challenges the admissibility of the victim's statement just before he died, "Please don't let it go down this way." He contends that the statement is hearsay and does not fall into a recognized exception to the hearsay rule.
However, we believe the victim's statement is not subject to a hearsay objection since it does not appear to have been admitted to prove the truth of the matter asserted. State v. Martin, 356 So.2d 1370, 1373-74 (La.1978). The statement does not incriminate the defendant, but rather seems to express the victim's remorse over his unhappy end.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 11
The defendant next contends that the trial court erred in allowing the state to re-emphasize testimony on redirect that was not the subject of cross-examination in violation of La.R.S. 15:281. A state witness on redirect was asked to identify and describe a photograph of the murder scene. The witness had testified about the scene on direct examination, but this was not expressly delved into on cross-examination.
The defendant appears to be technically correct that the redirect exceeded the scope of questioning generally allowed. Under La.R.S. 15:281, the trial judge is given discretion to allow such deviations, but the opposing side is to be given the opportunity to recross on the new matter. The deviation allowed by the trial judge in this case was not an abuse of discretion because it did not contribute to the conviction of the defendant. La.C.Cr.P. art. 921.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 12
Defendant complains that the trial judge erred in allowing a police officer to testify that he was present at the photographic line-up at which one state witness identified the defendant. We find no reversible error in this assignment, however, because the officer never actually testified that the state's witness had identified the defendant, only that an identification had been made.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 13
The defendant filed seventeen special jury charges. The trial judge granted the request for five special charges and denied the remainder. The defendant now argues that the trial judge erred in denying charges numbers three, four, and six through thirteen.
Charges three and twelve include defendant's definition of reasonable doubt and charges four and thirteen contain his definition of the presumption of innocence. The court is not required to define these terms under La.C.Cr.P. art. 804, but did so in its general charge. Thus, the trial court did not err in denying the defendant's special charges concerning the same.
*882 The defendant requested in special charges six and seven that the jury be instructed regarding the definitions of negligent homicide and criminal negligence. It does not appear that the charges were pertinent, thus the trial court did not err in denying them. La.C.Cr.P. art. 807. No evidence was introduced from which the jury could have inferred that the defendant was guilty of criminal negligence or negligent homicide and not of manslaughter or murder. See State v. Marse, 365 So.2d 1319 (La.1979).
The defendant's request for special charges numbers eight through eleven (duty of jury to deliberate with view toward reaching a verdict; statements and arguments of counsel not evidence; indictment not evidence; and duty of jury to find facts) were properly denied as included within the trial court's general charge. La. C.Cr.P. art. 807.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 14
In this last assignment, the defendant lists several grounds for asserting that the trial court erred in denying his motion for a new trial.
He first argues that two essential elements of first degree murder were not proved beyond a reasonable doubt, i. e., that he acted with specific intent to kill or inflict great bodily harm and that the killing was committed during an armed robbery. We believe the record contains ample evidence upon which a rational jury could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Secondly, the defendant contends that the state intentionally refused to provide him with an accurate rap-sheet on a state witness. For the reasons discussed under assignments of error numbers two and four, this assignment is without substance.
The defendant next complains that ballistics information was withheld by the state that would have been exculpatory. The defendant does not contend that he requested such information or explain how such would be exculpatory. We find that the defendant has failed to make a substantial showing that the state withheld exculpatory evidence. See State v. Landry, 384 So.2d 786 (La.1980).
Lastly, the defendant alleges that the state made a "deal" with one of its witnesses in exchange for his testimony. The witness denied that any deal existed on cross-examination and the defendant has failed to offer anything more than his own speculation that any deal exists. Thus, we find no error in the denial of defendant's motion for new trial.
Accordingly, the defendant's conviction and sentence are affirmed.
AFFIRMED.