424 So.2d 256 (1982)
STATE of Louisiana
v.
Calvin DUFORE.
No. 82-KA-0425.
Supreme Court of Louisiana.
November 29, 1982.
*257 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, Richard Chaffin, Asst. Dist. Attys., for plaintiff-appellee.
Keith B. Nordyke, Ed Walters, Moore & Walters, Baton Rouge, for defendant-appellant.
LEMMON, Justice.
This is an appeal from a conviction of attempted simple burglary of a pharmacy and a sentence of two and one-half years imprisonment without benefit of probation, parole or suspension of sentence. We reverse because the trial court refused to accord defendant his statutory right to have the court instruct the jury as to the law applicable to responsive verdicts. See La.C. Cr.P. Art. 803.

I.
The principal factual evidence was presented by Elisa Gable, defendant's girlfriend at the time of the crime. Defendant and David Stevenson picked up Miss Gable shortly before midnight, and defendant declared that they were going to "rob" a drugstore. Defendant drove around for a couple of hours, stating that he was waiting for the "proper time". After driving in front of the Prescription Shop and checking the area for police, defendant parked in the rear of the store and attempted to dismantle the alarm system. When the alarm began making a faint buzzing sound, defendant then drove to the front of the building, where Stevenson got out of the car, broke the glass in the front door, and entered the building.[1] Defendant drove to the corner, where he waited for a prearranged period of time before circling back and picking up Stevenson, who was carrying a bottle of pills.
Three months later Miss Gable provided the police with the information about the crime. Defendant and Stevenson were then arrested.
At defendant's trial, after completion of the evidence, defendant requested the trial court to instruct the jury on the responsive verdicts of simple burglary and attempted simple burglary. The trial judge denied the request on the basis that simple burglary was not a lesser and included grade of the greater offense. The judge instructed the jury that the possible verdicts were (1) guilty of simple burglary of a pharmacy, (2) guilty of attempted simple burglary of a pharmacy, and (3) not guilty. The jury returned a responsive verdict of attempted simple burglary of a pharmacy.

II.
Burglary of a pharmacy has a mandatory minimum sentence and a prohibition against probation or parole, while simple burglary does not. Therefore, defendant would have benefitted considerably with regard to sentence exposure if the jury had returned a responsive verdict of the lesser offense.
La.C.Cr.P. Art. 803 mandates that the trial court shall charge the jury as to the law applicable to the charged offense and to any other offenses of which the accused could be found guilty under La.C. Cr.P. Art. 814 or 815. Since there are no *258 statutory responsive verdicts provided in Article 814 for simple burglary of a pharmacy, the matter is controlled by Article 815, which provides that all lesser and included grades of the charged offense are responsive verdicts, even though the charged offense is a felony and the lesser offense is a misdemeanor. Lesser and included offenses are those in which all of the essential elements of the lesser offense are also essential elements of the greater offense charged. State v. Cooley, 260 La. 768, 257 So.2d 400 (1972). Thus, evidence which supports a conviction of the charged offense necessarily supports a conviction of a lesser and included offense. Accordingly, when the accused requests an instruction to the jury on the law applicable to an offense which is truly a lesser and included grade of the charged offense, the trial court has no discretion to refuse to give the requested instruction.[2]
Inasmuch as the defendant in this case specifically requested an instruction as to the law applicable to the offense of simple burglary and is statutorily entitled to such an instruction if simple burglary is a lesser and included grade of the charged offense, this decision turns on the determination of whether all of the elements of simple burglary are also essential elements of simple burglary of a pharmacy.[3]
Both the lesser and the greater offenses require an unauthorized entry into a structure, while the greater offense requires the additional element that the structure is being "used in whole or in part for the sale, storage and/or dispensing of controlled dangerous substances". Moreover, both the lesser and the greater offenses require the intent to commit a theft in the structure, while the greater offense requires the additional element of intent to commit the theft of a controlled dangerous substance.[4] We therefore conclude that *259 simple burglary is a lesser and included grade of the offense of simple burglary of a pharmacy.[5]
Finally, the fact that the jury could rationally have returned a verdict of simple burglary of a pharmacy does not mean that the jury could not rationally return a verdict of simple burglary.[6] The jury in fact chose to return a responsive verdict of attempted simple burglary of a pharmacy (although the evidence would have supported a conviction of the completed offense), and the jury might have returned an even lesser verdict if the requested instruction had been given. Since defendant was statutorily entitled to have the requested instruction given, the conviction based on the erroneous instruction (to which timely objection was made) must be set aside and the matter remanded for a new trial.
Accordingly, the conviction is set aside, and the case is remanded for further proceedings.
DENNIS, J., joins in the basic holding but does not agree with State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982).
WATSON, J., dissents and assigns reasons.
WATSON, Justice, dissenting.
Although the court must charge the jury of the law applicable to lesser included offenses under LSA-C.Cr.P. art. 803, the charges must be pertinent; there must be evidence which would support a conviction of the lesser offense. LSA-C.Cr.P. art. 807; State v. Anderson, 390 So.2d 878 (La., 1980); State v. Toomer, 395 So.2d 1320 (La., 1981). A trial judge is required "... to charge the jury as to the law applicable to the case, under which he is required to cover every phase of the case supported by the evidence, whether or not accepted by him as true." (Emphasis supplied). State v. Marse, 365 So.2d 1319 at 1323 (La., 1978). A comment at 17 La.L.Rev. 211 points out that LSA-C.Cr.P. art. 803 can reasonably be interpreted as requiring only those charges of which the accused can be found guilty under the indictment and the evidence.[1] The majority of other jurisdictions provide that there is no duty to instruct on lesser and included offenses in the absence of evidence tending to prove such offenses.[2] *260 "A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense." Sansone v. United States, 380 U.S. 343 at 350, 85 S.Ct. 1004 at 1009, 13 L.Ed.2d 882 at 888 (1965). Here, the factual element of a pharmacy was not disputed. The only evidence was that a pharmacy had been burglarized and that there was the intent to steal controlled dangerous substances. There was no conflicting evidence that any other type of structure had been entered or that there was a less specific criminal intent. Thus, the jury could not rationally have convicted Dufore of simple burglary rather than simple burglary of a pharmacy. See Hopper v. Evans, ___ U.S. ___, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982).
I respectfully dissent.
NOTES
[1] According to Miss Gable, defendant told Stevenson where the drugs were located and instructed him to take the kind which could be sold quickly. Evidence at a pretrial hearing revealed that defendant was a former police officer who had previously helped in a drug inventory at the store and who had thwarted a prior burglary attempt.
[2] On the other hand, the Legislature in La.C. Cr.P. Art. 814 has enumerated specific responsive verdicts for the most common crimes. However, some of the responsive verdicts provided by legislative enactment are not truly lesser and included grades of the charged offense. Aggravated battery, for example, is listed as a responsive verdict to attempted murder, but the greater offense does not include all essential elements of aggravated battery. See State v. Dauzat, 392 So.2d 393 (La. 1980).

Following the Dauzat decision, the Legislature enacted Act 763 of 1982, adding Section C to Article 814. This amendment accords the trial court discretion, upon motion by either side, to refuse to instruct the jury on a responsive verdict, even though the offense is enumerated in Article 814, if the court determines that the evidence is insufficient to support that verdict. As noted above, however, this discretion exists only when the enumerated responsive verdict is not truly a lesser and included grade of the charged offense, and the accused must request the instruction (or object to the deficient instruction given by the court) in order to complain of the instruction on appeal or of the insufficiency of the evidence supporting the responsive verdict returned by the jury. La.C. Cr.P. Art. 841; State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982), decided this date.
[3] R.S. 14:62 defines simple burglary as:

"Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60."
R.S. 14:62.1(A) defines simple burglary of a pharmacy as:
"Simple burglary of a pharmacy is the unauthorized entry of any building, warehouse, physician's office, hospital, pharmaceutical house, or other structure used in whole or in part for the sale, storage and/or dispensing of controlled dangerous substances, as defined in R.S. 40:961(7) with the intent to commit the theft of any drug which is defined as a controlled dangerous substance in R.S. 40:961(7) other than set forth in R.S. 14:60."
In this discussion, references are to the completed crime, rather than to the attempt, in order to facilitate conceptual analysis. The issue is not whether the particular verdict was correct, but whether the trial judge should have given the instruction on the lesser verdict.
[4] In recognition of the fact that the greater offense has additional elements that the prosecution is obliged to prove, Act 144 of 1982 established a procedure whereby either the trial court or the appellate court may enter a postverdict judgment of guilty of a lesser and included offense, when the jury returns a verdict of the greater offense, but the evidence viewed in the light most favorable to the prosecution does not support one of those additional essential elements.

Thus, when the jury returns a verdict of guilty of the charged offense of simple burglary of a pharmacy, and the evidence viewed in the light most favorable to the prosecution supports the jury's finding that the defendant made an unauthorized entry into a structure with intent to commit theft therein, but does not support the jury's additional finding that the structure was used in whole or in part for the sale, storage and/or dispensing of controlled dangerous substances, then the trial court or the appellate court must set aside the verdict and may enter a judgment of conviction of simple burglary. La.C.Cr.P. Art. 821. (Similarly, when the jury returns a verdict of guilty of the charged offense of simple burglary of a pharmacy, and the evidence viewed in the light most favorable to the prosecution supports a finding of an intent to commit a theft, but not of an intent to commit a theft of a controlled dangerous substance, then the trial court must set aside the verdict and may enter a judgment of conviction of simple burglary.)
A similar procedure could be used in the case of burglary of an inhabited dwelling, when the evidence viewed in the light most favorable to the prosecution does not support a finding by the jury that the dwelling was inhabited.
[5] The two offenses are also of the same "generic class". See Comment, The Responsive Verdict in Louisiana Criminal Procedure, 5 La.L. Rev. 603 (1944).
[6] We distinguish Hopper v. Evans, ___ U.S. ___, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982), in which the evidence (from defendant's own mouth at trial) that he intended to kill the victim would not have supported a conviction of the lesser included noncapital offense of felony murder. The Court held that the conviction should stand, despite the trial court's failure to instruct the jury on responsive verdicts, because "[a]n instruction on the offense of unintentional killing during this robbery was therefore not warranted."

In the present case, the charged offense and the responsive offense were not mutually exclusive (as are intentional murder and unintentional felony murder under the Alabama statutes).
[1] LSA-R.S. 15:386, the article discussed in the law review, is the source of present art. 803 and the official revision comment states that art. 803 makes no change in the law.
[2] Compare Subsection C of LSA-C.Cr.P. art. 814, added by Act No. 763 of 1982, and reading as follows:

"C. Upon motion of the state or the defense, the court may, in its discretion, exclude a responsive verdict listed in Subarticle A if after all the evidence has been submitted there is no evidence to establish that responsive verdict."