BARRY, Judge.
Defendants Russell Thomas, Alita Lem-ieux, Thaddeus Bentley and Elton Washington were charged with two counts of armed robbery, La.R.S. 14:64. Thomas pleaded guilty to accessory after the fact to armed robbery and received a five year *393 sentence. Lemieux chose a bench trial and was acquitted. Bentley and Washington were found guilty as charged. Washington was sentenced to two consecutive fifteen year terms and Bentley to two consecutive ten year terms.[1]
Both defendants correctly assign as error the trial court’s refusal to instruct the jury on attempted armed robbery as a responsive verdict, La.R.S. 14:27C.[2] We reverse and remand.
On July 9, 1983 at approximately midnight, Sharon Escarra and Peter Babin were walking to their parked truck. Two men, later identified as Bentley and Washington, approached them, pulled out guns and demanded their possessions. Washington pulled three chains from Escarra’s neck and grabbed her purse. Bentley took one chain, a wallet and cash from Babin. Both men escaped in a car without lights. Officer Harold Rich and his partner immediately spotted the car and pulled it over to tell the driver about the lights. The victims approached the stopped car and told the police that the occupants had just robbed them. Their jewelry, wallet and two guns were found in the car.
Defendants argue that the trial court erred by refusing to instruct the jury that a person may be convicted of an attempt to commit a crime although it appears that the crime was completed, pursuant to La. R.S. 14:27C.[3]
The trial court gave the following instruction on attempt:
The lesses (sic) included verdicts that you may find in this case is that of attempted armed robbery and I would like to read to you the attempt statute which you have to superimpose (sic) upon the armed robbery statute that I just read to you.
An attempt is a separate, but lesser grade of the intended crime. An attempt is defined by Article 27 as follows: Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly towards the accomplishment of his object is guilty of an attempt to commit the offense intended and it shall be immaterial whether, under the circumstances, he would have actually accomplish his purpose. However, mere preparation to commit a crime shall not be sufficient to constitute an attempt, but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended. It is essential to an attempt that there be a specific intent to commit the crime. The test is whether the defendant would have been guilty of the crime charged if his intention had been fully consumated (sic) or carried out. The requisite intent need not be proved by direct evidence, but may be inferred from the circumstances. It is immaterial whether there is an actual possibility of committing the intended crime or whether the intended crime was completed or accomplished.
And, what I’m now giving you are some examples. For example, a murder may fail because the victim does not die; or because the gun is empty or defective; a rape may fail because the perpetrator is impotent or frightened away, or a theft may fail because the cash drawer is empty. When such conditions which prevent the perpetrator from completing the crime are not within his control or unknown to him, *394 they nevertheless do not prevent him from being guilty of an attempt. The essential elements of an attempt are an actual, specific intent to commit the crime and an overt act directed towards that end. In essence, an attempt is when a person has a specific intent to commit a crime and does an act in furtherance of his intent, but because of intervening intervening (sic) circumstances beyond his control which prevent him from completing the crime or cause him to give up his attempt to complete the crime, the act or crime is not completed.
After the jury had been charged, Bentley’s counsel answered affirmatively when asked whether there was anything additional that counsel wanted to tell the jury. After a bench colloquy which apparently focused upon the instruction on attempt, the trial judge stated that she had already given a two-page attempt instruction. The jury retired at 10:15 a.m. Defense counsel then pointed out that the court had not instructed the jury that they could return a verdict of attempted armed robbery even if they found the offense had been completed.[4] The following transpired:
BY THE COURT:
Well, I didn’t give that instruction but I gave them — I gave them the instruction on attempt and I made it clear during the trial and during the closing argument and at all times that the jury was at liberty to do whatever they see fit based on the law that I read them and based on the evidence that they heard. If that jury has it in mind to acquit the defendants, you know, they can do that. Okay? And, and I have an instruction on attempt that is two pages that is two pages (sic) long. You want me to show it to you, I can show it to you.
BY MS. COLE:
I have no quarrel with the instruction on attempt, but simply that the jury was not aprised (sic) that they might come back with that verdict even though they—
BY THE COURT:
Let the objection be noted. It’s overruled. Anything else?
BY MR. JOHNSON:
Your honor, we would ask the court to apply all three objections also to Elton Washington.
At 12:20 p.m. the jury returned and asked the court to define armed robbery, attempted armed robbery and simple robbery. The trial judge re-read the general instruction on attempt, then fell into error by saying:
In other words, an attempt is an incom-pleted crime or which it is an attempt of. In this particular case, in the armed robbery, if you were to consider an attempt, you have to find that it was incompleted somehow or that something was missing somehow that would prevent you from finding the defendant guilty of armed robbery, if that’s what you are considering. (Our emphasis)
Bentley’s counsel re-urged that the jury be instructed as to attempt as a responsive verdict. The trial judge stated that the request had been previously denied and an objection was noted. After an additional instruction on principals, Bentley’s defense counsel requested that the court read La. R.S. 14:27C.
The judge said: “I only read what the jury requested.” The jury retired again at 12:45 p.m. and counsel made another objection and stated:
“The court lead (sic) the jury to believe that they could only come back with an attempt if the offense was interrupted in some part (sic) particular way and the statute clearly gives them the pero- *395 gative (sic) to return a verdict of attempt regardless of whether the crime was completed.”
Thirty minutes later the jury found Washington guilty as charged (12-0) and defendant Bentley guilty as charged (10-2). On Bentley’s verdict the jury foreman wrote: “It is the concensus (sic) of jury that Mr. Bentley be given consideration in his sentencing.”
Bentley argues that his defense was aimed at a responsive verdict. He claims the jury was misled and returned with the guilty as charged verdict minutes after the court’s erroneous instruction. Nonetheless, the jury asked that Bentley be giyen consideration.
When a count in an indictment sets out an offense which includes other offenses of which the accused could be found guilty, the court shall charge the jury as to the law applicable to each offense. La.C.Cr.P. Art. 803. The trial judge must give a requested charge which does not require qualification, limitation or explanation and which is not included in the general or another special charge if it is wholly correct and pertinent. La.C.Cr.P. Art. 807. State v. Glass, 455 So.2d 659 (La.1984); State v. Shilling, 440 So.2d 110 (La.1983); State v. James, 431 So.2d 399 (1983), writ denied, _ U.S. _, 104 S.Ct. 263, 78 L.Ed.2d 247 (U.S.1983).
When a defendant requests an instruction to the jury on law applicable to an offense which is truly a lesser and included grade of the charged offense, the trial judge has no discretion to refuse to give the requested instruction. State v. Dufore, 424 So.2d 256 (La.1982). Since “attempt” is a responsive verdict to the crime charged, La.C.Cr.P. Art. 814, it was fatal error not to instruct the jury in accordance with R.S. 14:27C.
The trial court’s clarifying instruction to the jury just prior to its guilty verdict was also erroneous. The statement that the jury members would have to find that the robbery was “incompleted somehow or that something was missing somehow that would prevent you from finding the defendant guilty of armed robbery” misled the jury into believing that they could not find either defendant guilty of attempted armed robbery since the armed robbery had clearly been completed. R.S. 14:27C to the effect that “any person may be convicted of an attempt to commit a crime, although it appears ... that the crime intended or attempted was actually perpetrated_” is unambiguous.
The jury was obviously confused and was effectively precluded from considering a responsive verdict.
The convictions and sentences of Thaddeus Bentley and Elton Washington are reversed and this case remanded for further proceedings.
REVERSED: REMANDED.

. Washington and Bentley were billed as multiple offenders, defendants moved to quash, but there has been no further action by the state.

. Both defendants made similar contentions in motions for new trials; the motions were denied.

. La.R.S. 14:27C provides in pertinent part:
An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.

. Defense counsel stated in closing argument: Her Honor will later instruct you when she instructs you on the responsive verdicts and tell you, as the law says, that the jury may come back with a verdict of attempt even though the jury found that the act was completed, that that is your perogative (sic). That is why we have a jury. Just out of mercy, if you will.