SAVOIE, Judge.
Calvin P. Dufore was charged by grand jury indictment with simple burglary of a pharmacy in violation of LSA-R.S. 14:62.1. Defendant pled not guilty and was tried by a jury. The jury found defendant guilty of the responsive verdict of attempted simple burglary of a pharmacy, and the trial court sentenced defendant to two and one-half years imprisonment, without benefit of probation, parole or suspension of sentence. *438 On appeal the Louisiana Supreme Court reversed that conviction because the trial court had refused to accord defendant his right to have the court instruct the jury as to the law applicable to responsive verdicts. State v. Dufore, 424 So.2d 256 (La.1982). After remand to the trial court, defendant was allowed to plead guilty to the amended charge of simple burglary, a violation of LSA-R.S. 14:62. The trial court sentenced defendant on the amended charge to two and one-half years in custody of the Louisiana Department of Corrections. Execution of the sentence was suspended; defendant was placed on active, supervised probation for a period of five years with special conditions which include the condition that he serve one year in the parish prison.
Factual background of this offense was presented at defendant’s original trial on the merits. Defendant’s girlfriend at the time of the crime, Elisa Gable, testified that she was picked up by defendant and David Stevenson shortly before midnight on October 17, 1979. Defendant then drove his car around for a couple of hours waiting for the proper time to rob a drugstore. After driving in front of the Prescription Shop and checking the area for police, defendant parked in the rear of the store and attempted to dismantle the alarm system. When the alarm began making a faint buzzing sound, defendant drove to the front of the building, where Stevenson got out of the car, broke the glass in the front door, and entered the building. Defendant drove to the corner, where he waited for a prearranged period of time before circling back and picking up Stevenson, who was carrying a bottle of pills.
Three months later Ms. Gable provided the police with the information about the crime. Defendant and Stevenson were then arrested. Additional evidence presented at a pretrial hearing revealed that defendant was a former Baton Rouge City police officer who had previously helped in a drug inventory at the Prescription Shop.
In bringing this appeal, defendant urges three assignments of error:
1. The trial court erred by imposing an excessive sentence under the circumstances of this case.
2. The trial court erred by failing to comply with article 894.1 of the Louisiana Code of Criminal Procedure.
3. The trial court erred in basing its decision on an incorrect, invalid and incomplete pre-sentence investigative report.
ASSIGNMENTS OF ERROR NOS. 1, 2 AND 3
By assignment of error number 1, defendant urges that the trial court erred in imposing an excessive sentence. In particular, defendant argues that the condition of his probation mandating a one year term of confinement in parish prison, although within statutory limits, is excessive in violation of La. Const. art. 1, § 20 (1974).
The trial judge has wide discretion in imposition of a sentence within statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979). The maximum sentence which defendant could have received for simple burglary, in effect at the time of the instant offense, was imprisonment at hard labor for twelve years. The penalty actually imposed by the trial court is extremely lenient. The sentence imposed is well within the statutorily defined range, and neither appears grossly disproportionate to the severity of the crime nor appears to be imposed merely for the purposeless and needless imposition of pain and suffering.
The Code of Criminal Procedure sets forth the items which must be considered by the trial judge before passing sentence. La.C.Cr.P. art. 894.1. The trial judge need not recite the entire checklist of article 894.1, but the record must reflect that the judge adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984). Contrary to defendant’s second assignment of error, citing failure of the trial court to comply with these sentencing guidelines, a review of the record in this case reveals that the trial judge carefully *439 particularized the sentence, considering mitigating and aggravating factors as set forth in Louisiana Code of Criminal Procedure article 894.1 as they apply to defendant.
The judge ordered a pre-sentence investigative report update and allowed defendant the opportunity to present numerous witnesses at a hearing designed to fully develop any of the mitigating factors favoring defendant.
By his third assignment of error, defendant urges only that the trial court relied on an incorrect, invalid and incomplete pre-sentence investigative report because defendant’s substance abuse counsel- or was not interviewed for the report. The counselor did submit a detailed letter which was read and considered by the trial court prior to imposition of sentence. This argument is meritless in view of the opportunity that the hearing provided defendant to rebut, explain, or expand information contained in the pre-sentence investigative report.
In pronouncing sentence, the trial judge noted that he had reviewed defendant’s police department and hospital records and that defendant had been allowed to plead to a lesser and included offense. The court also took cognizance of defendant’s long term addiction to controlled dangerous substances and the fact that defendant appears to have overcome that problem. In that context the trial court credited the testimony, records and letters received from various persons involved with defendant in drug abuse programs and determined that defendant would respond affirmatively to probationary treatment. However, because of the facts of this case; i.e., the manner in which the offense was committed and the manner in which defendant abused his prior position as a law enforcement officer, the trial court opined that failure to make a one year period of confinement in parish prison a condition of probation would deprecate the seriousness of defendant’s crime.
For these reasons, imposition of this sentence was justified and not an abuse of the trial judge’s discretion. Defendant’s assignments of error are meritless, and the sentence imposed by the trial court is affirmed.
AFFIRMED.