KLEES, Judge.
Defendant was convicted of attempted simple burglary of an inhabited dwelling. On appeal, he asserts two assignments of error. First, defendant claims that there was insufficient evidence to support his conviction; secondly, he claims that the trial judge committed reversible error by refusing to give a requested jury charge concerning the responsive verdicts in the case. Although we find that there was sufficient evidence to convict, we agree with the defendant that the trial judge’s failure to instruct the jury as requested constituted reversible error which warrants a new trial.
FACTS:
On May 10, 1984, at about 8:30 a.m., George Baker locked up his apartment and left for work. Early that afternoon the security guard for the apartment complex noticed that the glass door to Mr. Baker’s apartment had been jimmied and was bro *873 ken off the track. The guard then spotted the defendant sitting in his car in the parking lot about thirty feet from Mr. Baker’s apartment. Noticing that the car did not have a resident’s sticker, the guard went over to investigate. Defendant told the guard the names of two tenants he had come to see, but when the guard went to the office and checked the tenants list, neither name appeared. The police were called in, and the investigating officer, after obtaining written permission from defendant to search his car, found several items under the car that belonged to Mr. Baker, including a VCR and camera equipment.
Defendant was charged with simple burglary of an inhabited dwelling in violation of R.S. 14:62.2. Following a jury trial, he was convicted of attempted simple burglary of an inhabited dwelling and sentenced to serve six months at hard labor without benefit of parole, probation, or suspension of sentence.
SUFFICIENCY OF EVIDENCE:
R.S. 14:62.2 provides:
Simple burglary of an inhabited dwelling
Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth in Article 60.
The attempt statute, R.S. 14:27, reads in pertinent part as follows:
Attempt
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
The standard to be used by an appellate court in reviewing a criminal case was set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Accordingly, the conviction must stand unless the court, viewing the evidence in the light most favorable to the prosecution, determines that no rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt.
Additionally, when circumstantial evidence is involved, R.S. 15:438 requires:
Assuming every fact to be proved that the evidence tends to prove in order to convict, it must exclude every reasonable hypothesis of innocence.
Using these standards, we find that there was sufficient evidence to support the conviction in this case. The security guard testified that the defendant pulled his car up about two feet to the curb when he saw the guard approaching him. Items which Mr. Baker testified had been locked up in his apartment that morning were later discovered under defendant’s car. Finally, defendant apparently lied about his reason for being in the parking lot as the two people he said he had come to see were not listed as tenants. In view of this evidence, we find that a rational trier of fact could have found all the essential elements of attempted simple burglary of an inhabited dwelling, and therefore cannot reverse the conviction on this ground.
FAILURE TO GIVE REQUESTED JURY CHARGE:
The defendant made a timely request that the jury be charged with the following responsive verdicts:
1. guilty as charged
2. guilty of attempted simple burglary of an inhabited dwelling
3. guilty of simple burglary
4. guilty of attempted simple burglary
5. guilty of unauthorized entry of an inhabited dwelling
6. guilty of attempted unauthorized entry of an inhabited dwelling
The trial judge denied this request and charged the jury with only three responsive verdicts:
*874 1. guilty as charged of simple burglary of an inhabited dwelling
2. guilty of attempted simple burglary of an inhabited dwelling
3. not guilty
C.Cr.P. art. 815 provides that in all cases not provided for in C.Cr.P. art. 814, which includes this case, the following verdicts are responsive:
1. guilty
2. guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or
3. not guilty
Lesser and included offenses are defined in R.S. 14:5 as follows:
§ 5. Lesser and included offenses
An offender who commits an offense which includes all the elements of other lesser offenses, may be prosecuted for and convicted of either the greater offense or one of the lesser and included offenses. In such case, where the offender is prosecuted for the greater offense, he may be convicted of any one of the lesser and included offenses.
Thus, a lesser and included grade of the charged offense is one in which all the essential elements of the lesser offense are also essential elements of the greater offense charged. State ex rel Elaire vs. Blackburn, 424 So.2d 246, 248 (La.1982) (quoting State v. Cooley, 260 La. 768, 257 So.2d 400 (1972)). A careful reading of the statutes involved leaves no doubt that both simple burglary and unauthorized entry of an inhabited dwelling are lesser included offenses of the crime of simple burglary of an inhabited dwelling. R.S. 14:62.2 defines simple burglary of an inhabited dwelling as “the unauthorized entry of any inhabited dwelling ... with the intent to commit a felony or any theft therein.” (Emphasis added). A person who violated R.S. 14:62.2 would necessarily also have committed simple burglary defined by R.S. 14:62 as “the unauthorized entry of any dwelling ... with the intent to commit a felony or any theft therein.” (Emphasis added). Similarly, R.S. 14:62.3, unauthorized entry of an inhabited dwelling, requires merely an unauthorized entry without proof of the specific intent necessary for simple burglary of an inhabited dwelling.
The Supreme Court has held that:
[W]hen the accused requests an instruction to the jury on the law applicable to an offense which is truly a lesser and included grade of the charged offense, the trial court has no discretion to refuse to give the requested instruction.
State v. Dufore, 424 So.2d 256, 258 (La.1982) (Emphasis added). See also LSA-C. Cr.P. arts. 803, 804(B), and 807. Thus, the trial judge erred by refusing to charge the jury as defendant requested.
Moreover, we find this error to be reversible because it affected substantial rights of the accused. See C.Cr.P. art. 921. In this case, the defendant was sentenced to six months at hard labor without benefit of parole, probation, or suspension of sen-, fence. Had the jury been given the alternative verdicts, however, the defendant might have been convicted of a crime which would have allowed him the benefit of parole, probation or suspension of sentence. Cf. State v. Dufore, supra, wherein the Court reversed defendant’s conviction of attempted simple burglary of a pharmacy because the trial judge refused to instruct the jury on simple burglary and attempted simple burglary, both lesser and included offenses of the crime charged, simple burglary of a pharmacy. The Dufore court stated:
Since defendant was statutorily entitled to have the requested instruction given, the conviction based on the erroneous instruction (to which timely objection was made) must be set aside and the matter remanded for a new trial.
Id. at 259.
Accordingly, we conclude that the trial court committed reversible error by refusing to give the requested jury charge, and therefore we reverse defendant’s conviction and remand the matter for a new trial.
REVERSED AND REMANDED.