PLOTKIN, Judge.
The defendant, Keith Leon, was charged with possession -with intent to distribute cocaine, in violation of L.S.A.-R.S. 40:967. After a jury trial, he was found guilty as charged. The defendant admitted to the allegations in the multiple bill of information and was sentenced to serve fifteen years at hard labor, with credit for time served.
FACTS:
Pursuant to information received from a confidential informant, New Orleans Police Department Narcotics Officers Thomas and Williams set up a surveillance of the rear driveway to 3415 Florida Avenue in the Desire Project on the evening of November 4, 1991. The officers focused their surveillance on the defendant whom they observed standing by himself in the driveway. At approximately 7:05 p.m., the officers observed the defendant flag down a blue Ford truck. The defendant engaged in a short conversation with the driver of the truck during which some sort of exchange took place. After the exchange, the driver drove off. Subsequently, a Monte Carlo drove by. The defendant also flagged down this vehicle. Again, the defendant conversed with the driver and another exchange took place.
At this point, the police officers decided to end the surveillance. As they drove towards *1369 the driveway in an unmarked police vehicle, the defendant flagged them down. The officers exited their car, identified themselves and stopped the defendant. A patdown search of the defendant revealed ten pieces of crack cocaine each individually wrapped in a small zip-lock bag. The officers also found one hundred and one dollars on the defendant.
At trial, the officers testified that the defendant was the only person standing in the driveway that evening. The officers denied encountering any other individuals in that area.
After arresting the defendant, the officers took defendant to Central Lock-up. The seized evidence was turned over to Central Evidence and Property. A chemical analysis performed on the substances seized proved positive for cocaine.
At trial, the defendant took the stand on his own behalf and denied selling or possessing cocaine on the night in question. He and his girlfriend, Cassandra Davis, testified that the defendant had driven Davis to the Desire Project for a card game. When Ms. Davis finished playing cards, she called the defendant to come pick her up. Upon arriving, the defendant honked his car horn to inform Ms. Davis of his presence and exited his vehicle. Three unknown males approached defendant offering to sell him cocaine. Defendant told them he was not interested and chased them from his car. Immediately thereafter Officers Thomas and Williams appeared and stopped the defendant and one other person. The police searched them both. While the officers were conducting the patdown search of the defendant, the other person fled and escaped. At this point, Cassandra Davis stated, she came out of the house and saw the unknown subject escape. Ms. Davis testified that she attempted to ascertain what was going on but the officers allegedly told her to shut up. Defendant and Ms. Davis stated that at this point, a crowd had gathered and informed the police that the officers had stopped the wrong person and the real drug dealers had escaped.
According to the defendant, the officers then placed the defendant in their vehicle and drove around the area searching for the escaped subject. Upon not locating him, the police then drove the defendant to Central Lock-up.
The defendant briefed three assignments of error. Because we find merit in defendant’s third assignment the others are pre-termitted.

Assignment of Error #3

In his third assignment of error, the defendant argues that the trial court erred in not providing a complete list of the responsive verdicts to the jury. The list of responsive verdicts given to the jury states that the possible responsive verdicts in the present matter were (1) guilty as charged; (2) guilty of possession of a controlled dangerous substance with intent to distribute: to wit, cocaine; (3) guilty of possession of a controlled dangerous substance, to wit: cocaine; (4) guilty of attempted possession of a controlled dangerous substance: to wit, cocaine; and (5) not guilty.
Under Code of Criminal Procedure article 814(A)(49), the responsive verdicts on the charge of possession of a controlled dangerous substance with the intent to distribute are (1) guilty as charged; (2) guilty of attempted possession of a controlled dangerous substance with the intent to distribute; (3) guilty of possession of a controlled dangerous substance; (4) guilty of attempted possession of a controlled dangerous substance; and (5) not guilty. Clearly, the first responsive verdict given to the jury is a redundant statement of the crime charged and instead should have included the word “attempted” prior to the word possession. Through an over sight the word “attempted” was omitted from the responsive verdict of attempted possession of a controlled dangerous substance with intent to distribute. Neither defense counsel, the State’s counsel, nor the Court noticed the mistake.
A review of the trial record indicates that defense counsel did not object to the trial court’s failure to include attempted possession with intent to distribute as a responsive verdict. Pursuant to C.Cr.P. article 801 and 841, defense counsel’s failure to object precludes appellate review of this argument.
*1370 However, appellate counsel argues in his brief, but does not assign as error, that the failure of trial counsel to object constitutes ineffective assistance of counsel. A claim of ineffective assistance of counsel is more properly raised in an application for post conviction relief. State v. Truitt, 500 So.2d 355 (La.1987); State v. Prudholm, 446 So.2d 729 (La.1984). Nevertheless, when the record contains sufficient evidence to resolve the issue, the matter may be considered on direct appeal in the interest of judicial economy. State v. Seiss, 428 So.2d 444 (La.1983).
The defendant’s claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La. 1984). The defendant must show that counsel’s performance was deficient and that the deficiency prejudiced the relator. Counsel’s performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. Counsel’s deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal.
An accused is statutorily entitled to have the trial court instruct the jury as to the law on the charged offense and all responsive offenses. C.Cr.P. articles 803, 809, 814, 815. Therefore, when the accused requests and is refused an instruction on a lesser and included offense, or when the accused timely objects to the court’s failure to give a responsive offense instruction to which he is statutorily entitled, the conviction may be reversed. State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982), cert. denied, 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983); State v. Dufore, 424 So.2d 256 (La. 1982).
In State v. Wright, 598 So.2d 493 (La.App. 2nd Cir.1992), the Second Circuit considered the issue of whether the defense attorney’s failure to object to the trial court’s failure to include all the necessary responsive verdicts constituted ineffective assistance of counsel. In Wright, the defendant was charged with possession of an illegal firearm and illegal possession of stolen things. The trial court failed to instruct the jury that a responsive verdict to the possession of an illegal firearm is attempted possession of an illegal firearm. After a jury trial, the defendant was found guilty of possession of an illegal firearm and guilty of attempted possession of stolen things valued greater than $100.00. While the court in Wright noted that the evidence was sufficient to establish a conviction for possession of an illegal firearm, it concluded that there was a reasonable probability that the result of the proceeding could have been different if the jury had been instructed on the lesser included offense of attempted possession of an illegal firearm. The court stated:
By definition, the essential elements of attempted possession of a firearm are also essential elements of the greater offense charged. Thus, the evidence which supports a conviction of possession of a firearm necessarily supports a conviction of the lesser offense of attempt. The jury in fact chose to return a responsive verdict of count two, attempted illegal possession of a stolen thing, though the evidence clearly would have supported a conviction of the completed offense. There is a reasonable probability that the jury would have returned the responsive verdict of attempt on count one, if the proper instruction had been given.
Considering the seriousness of the error as evidenced by the foregoing jurisprudence, defendant has established ineffective assistance of counsel under the Strickland standard.
Wright, 598 So.2d at 498.
The Court stated that “if counsel had objected to this instruction at trial and the *1371 judge had failed to correct the error, we would probably be required to reverse defendant’s conviction. For this reason we conclude that counsel’s failure to object was so serious that he was not performing as counsel guaranteed by the Sixth Amendment.” Wright, 598 So.2d at 497-98. We agree that counsel’s failure to object to the trial court’s failure to provide the jury with a correct version of the responsive verdicts was serious enough to constitute ineffective assistance of counsel. Thus, the issue before this court is whether defendant was prejudiced by the error.
In Wright, the Second Circuit stated that “in assessing prejudice in such a case, the basic question is whether there is a reasonable probability that, absent the error, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the verdict.” Strickland, 466 U.S. at 695, 104 S.Ct. at 2068; Wright, 598 So.2d at 498.
Using the same approach adopted by the Second Circuit, there is a reasonable probability that the jury could have returned a verdict of attempted possession of a controlled dangerous substance with the intent to distribute. To paraphrase the Court in Wright, the essential elements of possession of a controlled dangerous substance with intent to distribute would also support a verdict of attempted possession of a controlled dangerous substance with intent to distribute. Additionally, the incorrect responsive verdict given to the jury was the first responsive verdict to the crime charged. Therefore, because the elements of the crime charged and incorrectly stated responsive verdict were so intertwined and the responsive verdict was the next applicable verdict, there is a reasonable probability that, had the jury been given the correct responsive verdict that there may have been a different outcome.
Accordingly, the defendant’s conviction and sentence are reversed. This case is remanded for a new trial.