638 So.2d 220 (1994)
STATE of Louisiana
v.
Keith LEON.
No. 93-K-2511.
Supreme Court of Louisiana.
June 3, 1994.
Richard P. Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., and Kim A. Madere, for applicant.
M. Craig Colwart, for respondent.
PER CURIAM:
The defendant was charged by bill of information with possession of cocaine with the intent to distribute in violation of La.R.S. 40:967. After trial by jury, he was found guilty as charged and sentenced by the court under the multiple offender provisions of La. R.S. 15:529.1 to fifteen years at hard labor. On appeal, the defendant argued in one of his assignments of error that the trial court erred in listing the responsive verdicts on the paper handed jurors just before they retired to deliberate. The court had inadvertently omitted the word "attempted" from the second responsive verdict listed in La.C.Cr.P. art. 814 A(49) and, in effect, gave jurors two verdicts of guilty as charged.
The Fourth Circuit found that counsel's lack of objection to the error waived any complaint under La.C.Cr.P. art. 803 that the court had failed to charge jurors properly with regard to the applicable responsive verdicts. Nevertheless, the court of appeal reversed the defendant's conviction and sentence on grounds that counsel had rendered *221 ineffective assistance by failing to notice and to correct the error. State v. Leon, 623 So.2d 1368 (La.App. 4th Cir.1993). "... [B]ecause the elements of the crime charged and incorrectly stated responsive verdict were so intertwined and the responsive verdict was the next applicable verdict," the court of appeal observed, "there is a reasonable probability that, had the jury been given the correct responsive verdict [,] [] there may have been a different outcome." Id., 623 So.2d at 1371. We granted the state's application to consider the correctness of that finding and now reverse.
On the evening of November 4, 1991, New Orleans Police officers Thomas and Williams acted on a tip from a confidential informant and established surveillance of a driveway in the Desire Housing Project. The defendant stood alone in the driveway and in the course of fifteen minutes, the officers observed him conduct two apparent exchanges with the drivers of passing vehicles. On each occasion, the defendant took an object from the driver and placed it in his left front pants pocket, then reached into his right jean jacket pocket and handed an object back through the open vehicle window. After the second apparent exchange, the officers circled the block, pulled into the driveway, and arrested the defendant. They found one hundred dollars in cash in the defendant's left pants pocket and ten individually wrapped packets of cocaine in his right jacket pocket. The officers positively identified the defendant at trial and maintained that they saw no one else in the area at the time of the apparent drug transactions.
The defendant testified at trial that he "just got caught up in something" when he arrived in the Desire Housing Project to pick up his girlfriend, Cassandra Davis, from a card game. He claimed that a second individual, who escaped from the officers after they stopped and frisked him, actually had the cocaine and that the officers then placed him under arrest after their attempts to find the missing suspect failed. The defendant testified that the cash found in his pocket by the officers had come from a settlement of a civil case. The defendant admitted that he had been convicted in 1987 of possession of cocaine but told jurors he had pleaded guilty to the offense simply for the opportunity to go home with a suspended sentence. Cassandra Davis partially corroborated the defendant's testimony. Davis told jurors that she had called the defendant to pick her up after the card game and that when she responded to the honk of his horn and walked outside, she saw the defendant and a second individual at the unmarked patrol unit. Davis confirmed that the officers lost their second suspect after frisking him and turning their attention to the defendant.
Jurors took little over an hour to resolve the credibility conflict and to return a verdict of guilty as charged. They had taken into the jury room a slip of paper listing the responsive verdicts which conformed to the verdicts provided by Art. 814 A(49) in all respects but one. The second verdict listed on the paper after "Guilty" omitted the word "attempted" from the phrase "Guilty of attempted possession...." All parties to the proceedings, including the trial judge, missed the mistake.
We need not decide here whether counsel's failure to notice the error meant that his performance fell below an objective level of reasonableness required by the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The record makes clear that the defendant was not prejudiced by the mistake. The relevant inquiry here is not simply whether the defendant may have preserved a ground for reversal on appeal and retrial if counsel had made a timely objection in the district court. The inquiry must also focus on "whether the result of the proceeding was fundamentally unfair or unreliable...." Lockhart v. Fretwell, ___ U.S. ___, ___, 113 S.Ct. 838, 843, 122 L.Ed.2d 180 (1993); Kimmelman v. Morrison, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); Strickland v. Washington, supra. The standard set forth by the Supreme Court in Strickland for reviewing claims of ineffective assistance of counsel under the Sixth Amendment "... proceed[s] on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision ...," and therefore does not *222 take into account the possibility "of arbitrariness, whimsey, caprice, `nullification,' and the like...." Id., 466 U.S. at 695, 104 S.Ct. at 2068; see also Lockhart v. Fretwell, ___ U.S. at ___, 113 S.Ct. at 845 (O'Connor, J., concurring).
The record on appeal did not include a complete transcript of the trial court's charge to the jury. There is a presumption of regularity in judicial proceedings, see State v. Davis, 559 So.2d 114 (La.1990) (per curiam); La.R.S. 15:432, and the error here appears of such an inadvertent nature that it provides no basis for supposing that the court did not comply with its duty under Art. 803 to charge jurors with regard to the responsive verdicts in the case. Even assuming that the trial court made the same mistake in its general charge, the form provided jurors with several alternatives to a verdict of guilty as charged if they had been so inclined. Those alternatives included simple possession and attempted simple possession of cocaine. The jurors rejected those alternatives when they returned their verdict of guilty as charged and, given the underlying credibility choices that verdict reflected, the evidence at trial fully supported their determination. Under these circumstances, speculation that jurors might have returned the second responsive verdict provided by law if it had been listed correctly on the verdict form does not amount to a showing that the mistake rendered the proceedings fundamentally unfair or the result unreliable.
Accordingly, the judgment of the Fourth Circuit is reversed and this case is remanded for consideration of the defendant's remaining assignments of error.
REVERSED AND REMANDED.
SHORTESS, J., First Circuit Court of Appeal, sitting for Dennis, J.
KIMBALL, J., not on panel.