WATKINS, Judge.
Darryl Morrison, a juvenile, was charged in the present proceeding with second degree murder. He was detained September 16,1981. A hearing to determine continued custody was scheduled for September 18, 1981, but was continued on motion of the juvenile’s attorney until September 25, 1981.
At the hearing, the juvenile, through counsel, sought to call witnesses to testify in his own behalf. The court held that only the State could call witnesses at a hearing to determine continued custody. The juvenile applied for writs, which we granted, and now make peremptory.
The nature of the hearing to determine continued custody is set forth in art. 39, Code of Juvenile Procedure, which is the sole article in the Code of Juvenile Procedure regulating evidence and procedure at the hearing:
“At the hearing, the state shall prove the existence of a ground for continued custody pursuant to Article 40.
“Hearsay evidence shall be admissible at the hearing to determine continued custody.”
Thus, there is nothing in the article that directly indicates whether or not a juvenile may call witnesses in his own behalf at the hearing to determine continued custody. The article simply places the burden of proof on the state to prove the existence of a ground for continued custody. Placing the burden of proof on the state would seem to indicate, if anything, that the juvenile may introduce contradictory evidence.
That view is buttressed by an examination of the history of the hearing to determine continued custody. The Code of Juvenile Procedure took effect January 1, 1979. In a case decided before the Code of Juvenile Procedure took effect, or indeed, was enacted [1], State in the Interest of Joshua, 327 So.2d 429, decided in 1976, the Louisiana Court of Appeal, Fourth Circuit, held that a juvenile is constitutionally entitled to a preliminary hearing to “challenge” (emphasis ours) a pre-trial incarceration. The Court cited LSA-C.Cr.P. art. 292. As the Code of Criminal Procedure in a related article, art. 294, permits a defendant in a criminal proceeding for an adult to produce witnesses and to testify in his own behalf, in addition to the state’s production of witnesses, and as the Court of Appeal speaks of a juvenile’s constitutional right to “challenge” his continued custody or incarceration, it is apparent that the Court of Appeal contemplated that the juvenile as well as the prosecution could produce witnesses to testify at the preliminary examination, which is but another name for the hearing to determine continued custody as the term is used in the later enacted Code of Juvenile Procedure. The Louisiana Supreme Court denied two applications for writs in Joshua, at 329 So.2d 450 and at 329 So.2d 456 (La.1976), in the latter stating the case was moot, but in the former stating, “The ruling of the Court of Appeal, attached hereto, is correct.”
Although, in view of the United States Supreme Court’s holding in Gerstein *248 v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), considered in the light of In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), it might have been constitutionally permissible under the United States Constitution to deny a juvenile the right to call witnesses at a hearing to determine continued custody (preliminary examination), the Louisiana Legislature in enacting the Code of Juvenile Procedure did not deny to the juvenile the right to call witnesses in his own behalf, which right was clearly recognized to exist in Joshua. Thus, as a matter of statutory interpretation, we hold that the right of the juvenile to call witnesses in his own behalf at the hearing to determine continued custody, not having been denied by the Code of Juvenile Procedure, was in no way altered, abridged, or narrowed by the enactment of that Code, having been fully recognized by Joshua.
Thus, we hold, in the hearing before us, the juvenile is entitled to produce witnesses, subject to cross-examination by the state, or to testify in his own behalf, likewise, subject to cross-examination by the state, as well as the right to cross-examine the witnesses produced by the state, just as if he were an adult.
It is ordered that the hearing to determine continued custody be held in accordance with the views expressed herein, and the writ is made peremptory.
WRIT MADE PEREMPTORY.
ON APPLICATION FOR REHEARING (PEREMPTORY WRIT)
We did not hold in our original opinion that the right of a juvenile to call witnesses at a hearing to determine continued custody (preliminary examination) is constitutionally mandated. If the legislature had specifically denied a juvenile the right to call witnesses at such a preliminary hearing, that denial of the right would not be viola-tive of the United States or Louisiana Constitutions.
However, as a matter of statutory interpretation, we held, in our original opinion, that the legislature has granted the juvenile the right to call witnesses, to cross-examine witnesses, and to be represented by counsel, in enacting the Code of Juvenile Procedure, by not altering those rights as announced in State in the Interest of Joshua, 327 So.2d 429 (La.App. 4th Cir. 1976).
Nothing in the application for rehearing alters, or indeed, attempts to rebut this view.
APPLICATION FOR REHEARING DENIED.

. The Code of Juvenile Procedure was enacted by Louisiana Act No. 172 of 1978.