510 So.2d 717 (1987)
STATE of Louisiana
v.
Joseph FOSTER.
No. KA 86 1519.
Court of Appeal of Louisiana, First Circuit.
May 27, 1987.
Rehearing Denied July 20, 1987.
*720 Howard "Buddy" Meyer, Asst. Dist. Atty., Livingston, for plaintiff.
Joseph Foster, Jr., pro se.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
Joseph Foster was indicted by the Livingston Parish Grand Jury for simple burglary of a pharmacy, in violation of La.R.S. 14:62.1. He entered a dual plea of not guilty and not guilty by reason of insanity. A jury convicted him as charged; and he was subsequently sentenced to serve nine years at hard labor, without benefit of probation, parole, or suspension of sentence. He appealed, urging twenty-nine assignments of error. Assignment of error twenty-six was specifically abandoned.
Defendant was apprehended inside the Live Oak Pharmacy in Watson, Louisiana, by Paul Allen, the pharmacy owner, and Carl Rushing, a neighbor. The men responded to a silent alarm, which was activated at approximately 4:30 a.m. on November 5, 1983. Rushing testified that the alarm system functions by automatically dialing preset numbers when the store's security is breached, playing a pre-recorded message which provides the location of the problem. He further related that he was the first person to respond to the call, arriving at the pharmacy within two minutes of the time he was summoned. Rushing investigated the outside of the premises and did not find signs of entry. Paul Allen arrived shortly thereafter and unlocked the pharmacy doors. While checking inside the store, Rushing heard muffled sounds which seemingly came from the store's attic. After notifying Allen, Rushing called out to determine if anyone else was present. Defendant responded and came out of the store. He identified himself to Allen and Rushing. Shortly thereafter, defendant was taken into custody by the Livingston Parish Sheriff's Office.

ASSIGNMENTS OF ERROR ONE AND THIRTEEN:
By assignment of error number one, defendant submits the trial court erred by denying his motion for a post-verdict judgment of acquittal. By assignment of error number thirteen, defendant submits the trial court erred by refusing to enter a directed *721 verdict of acquittal or, alternatively, to exclude all verdicts of guilty.
A directed verdict of acquittal is not available in a jury trial. La.C.Cr.P. art. 778. Defendant claims it is unconstitutional to deprive him of the device of a directed verdict because the court has a duty to reverse a conviction unsupported by the facts. This argument is without merit. If dissatisfied with the weight of the evidence, a trial court can order a new trial. La.C.Cr.P. art. 851. If the trial court finds the evidence legally insufficient, a judgment of acquittal or a lesser included responsive verdict can be entered, subject to review by the appellate courts. La.C.Cr.P. art. 821. This statutory scheme adequately insures judicial review of the evidence presented.
Defendant contends the trial court is authorized by La.C.Cr.P. art. 814 (C) to exclude all guilty verdicts. This argument is meritless. The trial court has a responsibility to insure the proceedings are legally conducted. The obvious effect of a court's deletion of all verdicts would be a contravention of La.C.Cr.P. art. 778.
Defendant further claims that the evidence is not sufficient to support the verdict. He submits the state failed to prove that his entry was unlawful or that he had the intention to steal controlled dangerous substances.
The standard of review regarding the sufficiency of the evidence is whether or not the evidence, viewed in the light most favorable to the prosecution, reasonably permits a finding of guilty. La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La. App. 1st Cir.1983). Defendant was apprehended in the attic of the Live Oak Pharmacy at approximately 4:30 a.m. A hole had been cut in the roof of the pharmacy after the store was closed. The tools with which this act was apparently performed were found on the roof. The evidence established that Carl Rushing arrived on the scene within two minutes of the time defendant's presence was detected by motion sensors. Paul Allen, the pharmacy owner, testified that defendant did not have the authority to be in the attic. Although defendant contends the state's evidence did not exclude the possibility that his entry into the public building was authorized, testimony was presented to the jury that defendant was found in the attic, a non-public area, surrounded by evidence of a recent forcible entry. The jury clearly rejected the possibility that someone other than defendant cut through the roof and escaped before Rushing arrived less than two minutes later. The jury's obvious finding that defendant committed a simple burglary of the building is amply supported by the record.
Defendant further argues, however, that the state presented no evidence of his intent to steal controlled dangerous substances, an essential element of La.R.S. 14:62.1. In essence, he claims that since he was apprehended before he entered the retail area of the store, the actual subject of his intended theft cannot be surmised.
Intent is a fact; it need not be proven as a fact, but can be inferred from the circumstances. La.R.S. 15:445. However, defendant correctly asserts that the intent to steal controlled dangerous substances cannot be inferred from the bare fact that he committed the burglary of a building used as a pharmacy.
The intent to commit the theft of something of value, however, can be inferred from defendant's unlawful entry of the building at a time when the pharmacy was not open for business. Thus the evidence conclusively establishes defendant is guilty of simple burglary.
The record reflects that, during the trial, defendant convinced the trial court that the only verdicts responsive to a charge of simple burglary of a pharmacy were guilty, guilty of attempted simple burglary of a pharmacy and not guilty. This contention is, of course, incorrect. Defendant now claims that this court is bound by the trial court's error and cannot enter a verdict to a lesser included responsive offense. This claim is meritless. This court is authorized to enter a verdict of guilty to any lesser included responsive offense. La.C.Cr.P. art. 821.
*722 Simple burglary is well recognized as a lesser included responsive verdict to a charge of simple burglary of a pharmacy. La.C.Cr.P. art. 815; State v. Dufore, 424 So.2d 256 (La.1982). As previously noted, the evidence clearly established that defendant committed simple burglary of Live Oak Pharmacy. Therefore, the jury's verdict is set aside; and we enter a verdict of guilty of simple burglary.

ASSIGNMENT OF ERROR NUMBER TWO:
By this assignment of error, defendant submits that the trial court erred by denying his motion in arrest of judgment wherein he alleged the conviction is invalid because the statute upon which it rests is unconstitutional. Defendant's argument is twofold: First, he argues that La.R.S. 14:62.1 is vague and unintelligible because it incorporates by reference the schedule of controlled dangerous substances of La.R.S. 40:964 which, he claims, are incomprehensible to a layman. Further, he claims La. R.S. 40:964 is unconstitutional because the Secretary of the Department of Health and Human Resources has been delegated the authority to add substances to the schedules when classified as controlled dangerous substances by the Drug Enforcement Administration of the United States Government; thus, an individual, rather than the Legislature, is empowered to delineate criminal activities.
It is well settled that the court will not pass upon the constitutionality of an act of the Legislature if the case can properly be decided on another ground. Alexander v. Louisiana, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972); State v. Stripling, 354 So.2d 1297 (La.1978). In light of our disposition of defendant's first assignment of error, a determination of the constitutionality of this act is not necessary. Nonetheless, we note that defendant's arguments present issues previously ruled upon and found to be without merit. A statute is not vague and indefinite which identifies a controlled dangerous substance by its chemical name alone. State v. Lewis, 332 So.2d 223 (La.1976). Moreover, while it has been determined that the legislature cannot delegate the authority to create a criminal offense, State v. Rodriguez, 379 So.2d 1084 (La.1980), a defendant is not prejudiced unless his conviction was based upon a substance added by the Secretary of the Department of Health and Human Resources. See State v. Kibodeaux, 435 So.2d 1128 (La.App. 1st Cir.1983). This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER THREE:
By this assignment of error, defendant argues that the trial court erred by denying his motion to quash in which he urged the prosecution was untimely because the state abused its power to dismiss charges.
Initially, we note that the instant prosecution was based on a grand jury indictment. Although defendant alleges the state originally instituted prosecution by a bill of information, the record does not contain such a filing. Moreover, although defendant claims the state dismissed the bill during the preliminary examination, he failed to designate that hearing as a part of the appellate record.[1] La.C.Cr.P. art. 914. 1. Thus, we conclude that the issue is not properly before the court. However, we note that, even assuming defendant's assertions are true, they are patently without merit.
Defendant claims that he filed several pretrial motions, including a motion for a preliminary examination. He further claims that, during the hearing, the trial judge ordered the state to produce its evidence; thereafter, the state dismissed the prosecution to avoid the fulfillment of defendant's "due process right" to a preliminary examination. He concludes that the state's action was an abuse of power to nolle prosequi and that further prosecution *723 was barred by La.C.Cr.P. art. 576. He urges that the state's action denied him an important tool of discovery. He also claims he was denied his right to due process because, if the court found no probable cause at the preliminary examination, his motion to quash would have to be granted as well.
Initially, we note that defendant's argument specifically denies the applicability of the remedial provisions of La.C.Cr.P. art. 576. The district attorney has broad discretion to dismiss charges; and, generally, further prosecution is not affected by a nolle prosequi. La.C.Cr.P. arts. 691, 693. La.C.Cr.P. art. 576 bars further prosecution only if the dismissal was for the purpose of avoiding the time limitation for the commencement of trial. The second paragraph of Article 576 does not create a presumption that a prosecution has been dismissed in order to circumvent the time limitations for commencement of trial. State v. Hearin, 409 So.2d 577 (La.1982). Nor does defendant claim the purpose of the dismissal was to gain more time; he argues the dismissal was solely to deny his "right" to a preliminary examination. Thus, defendant cannot claim the dismissal was an abuse of the power to nolle prosse prohibited by La.C.Cr.P. art. 576.
"When a criminal defendant feels he has a right to a preliminary hearing, he should assert that right before trial by means of an application for supervisory writs to this Court. On appeal after conviction he can no longer allege that he was improperly denied a preliminary hearing." State v. Brent, 347 So.2d 1112, 1118 (La. 1977). This claim is, therefore, untimely.
Further, defendant has no "right" to discovery by way of a preliminary examination. The primary function of the preliminary examination is to insure that probable cause exists to hold the accused in custody or under bond obligation. State v. Holmes, 388 So.2d 722 (La.1980). The Louisiana Supreme Court has continuously rejected the notion that a criminal defendant is entitled to a preliminary examination as a discovery tool. State v. Holmes, supra; State v. Williams, 385 So.2d 214 (La.1980), cert. denied, 449 U.S. 1017, 101 S.Ct. 580, 66 L.Ed.2d 478 (1980); State v. Qualls, 377 So.2d 293 (La.1979).
Moreover, La.C.Cr.P. art. 294 provides that the state may produce witnesses at the preliminary examination; the state cannot be forced to do so. Thus, if, as defendant claims, the trial court ordered the state to produce evidence, the court clearly erred in doing so. See State v. Sterling, 376 So.2d 103 (La.1979). While the state's interests might have been better served by application for supervisory relief to this court, we cannot say that the dismissal of the bill of information in response to the court's erroneous ruling deprived defendant of any due process right.
Finally, we note that defendant misunderstands the purpose of the preliminary examination. In Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), the supreme court held that "the Fourth Amendment requires a timely judicial determination of probable cause as a prerequisite to detention." 95 S.Ct. at 869. However, the court was careful to point out that the Fourth Amendment addressed detention pending further proceedings, i.e., pretrial custody; it does not require a judicial review of the decision to prosecute by information. In State v. Sterling, 376 So.2d at 104, the Louisiana Supreme Court noted the effect of a finding of no probable cause, as follows:
If the evidence adduced at the preliminary examination fails to disclose probable cause, art. 296 requires the court to order defendant's release from custody or bail. Such a release, however, does not have the effect of a judicial dismissal of the pending information, since it merely releases defendant from the inconvenience of custody or bail, and the district attorney must then decide whether the defendant will be brought to trial or the charge dismissed or whether a grand jury indictment will be sought. See Official Revision Comment (c) to art. 296. Moreover, discharge of a defendant after preliminary examination does not preclude the subsequent filing of an indictment, *724 information, or affidavit against him for the same offense. La.Code Crim.P. art. 386. In other words, a preliminary examination does not determine the validity of the charge brought against a defendant, but rather determines whether or not there is probable cause to deprive the defendant of his liberty. See State v. Jenkins, 338 So.2d 276 (La.1976).
376 So.2d at 104. This assignment of error has no merit.

ASSIGNMENTS OF ERROR FOUR, SIXTEEN AND TWENTY-NINE:
By these assignments of error, defendant submits that the court erred by failing to force the state to produce transcripts of the grand jury proceedings and that the grand jury and petit jury were improperly drawn. Defendant filed a motion to inspect the grand jury transcripts to determine if (1) the panel was properly constituted; (2) the evidence was legal and sufficient; (3) persons other than those lawfully entitled were present; (4) a witness committed perjury or offered a statement which could later be shown to be inconsistent; or (5) any other irregularity existed. For reasons which do not appear of record, the trial court granted defendant's motion and ordered the state to provide all available information. The state apparently did not comply. By assignment of error number four, defendant submits the court erred by refusing to carry out its order. Defendant now claims he heard rumors regarding the evidence presented and the composition of the grand jury; and, therefore, he was denied favorable evidence because he was not permitted the opportunity to inspect the proceedings.
Initially, we note that defendant specifically abandoned all outstanding motions at the beginning of trial. Since defendant did not pursue this claim, he has waived it. Moreover, we note defendant was not entitled to the information sought. The Louisiana Supreme Court has consistently held that a defendant is not entitled to production of a transcript of the secret grand jury proceedings against him. La.C. Cr.P. art. 434; State v. Prestridge, 399 So.2d 564 (La.1981). The transcript of grand jury proceedings may not be used at trial even in the conduct of cross examination. The purpose of this rule is not to protect a defendant or witness at a subsequent trial, but to encourage the free disclosure of information about crime. State v. Prestridge, supra at 582.
We are not aware of any valid reason for the trial court's order to produce the grand jury transcripts. If the court maintained a belief that the transcripts contained properly discoverable material, the court should have ordered the state to produce the material to the court for an in camera inspection, rather than the wholesale distribution of secret proceedings to defendant. Thus, while the state's proper course of action was application to this court for relief from the court's order, we find defendant was not prejudiced by the state's apparent refusal to provide the materials.
Defendant also submits that the grand jury and petit jury were illegally drawn. By assignment of error number sixteen, defendant argues the court erred by denying his motion for a new trial in which he urged the improper constitution of the petit jury. By assignment of error number twenty-nine, defendant urges that the grand jury was similarly unlawfully constituted.
On March 18, 1985, the originally scheduled trial date, defendant filed a motion to quash the petit jury venire when problems with the venire, including the lack of service on prospective jurors, became apparent. A lengthy hearing resulted, during which it became apparent that the obvious difficulty in obtaining an adequate cross representation of the community in the general venire was caused by inherent problems with the way jurors were selected and complicated by a new system whereby municipal addresses were renumbered and old route addresses replaced. The trial court summoned the members of the Livingston Parish Jury Commission to determine the extent of compliance with previously issued court orders designed to secure a constitutionally comprised jury venire. *725 At the conclusion of this hearing, the court ordered the jury venire quashed.
Defendant's trial was rescheduled some five months later. On August 20, 1985, a twelve member jury was selected without incident. After conviction, defendant filed a motion for a new trial in which he claimed for the first time that the jury selection system had not been corrected, resulting in an unconstitutionally comprised jury.
A motion for a new trial is not the proper procedural vehicle to raise this issue; an irregularity in the method of jury selection should be made by a timely motion to quash. Defendant's failure to timely file such a motion constitutes a waiver of the objection. State v. Collins, 359 So.2d 174 (La.1978); see also State v. Edwards, 406 So.2d 1331 (La.1981), cert. denied, 456 U.S. 945, 102 S.Ct. 2011, 72 L.Ed.2d 467 (1982).
Moreover, even if defendant had properly filed such a motion, the record is devoid of any proof of irregularity. The only evidence of the manner of the petit jury selection contained in the record was provided by the trial judge in his comments at a hearing to determine defendant's ability to represent himself on appeal. Although the evidence was not sworn testimony, the trial judge specifically noted that the method of jury selection had been changed as a result of defendant's first motion to quash and that the jury commission had done a marvelous job updating the names and complying with the court's order. Defendant's allegation concerning the petit jury venire is, therefore, without merit.
Defendant's claim that the grand jury was improperly constituted was raised for the first time by assignment of error. Thus, this issue was not timely preserved. We note, however, that a grand jury indictment shall not be set aside for any reason unless it is shown that some great fraud has been committed or some great wrong has occurred which would work irreparable harm to the defendant. La.C.Cr.P. art. 419. The burden of proof in such cases rests upon defendant. State v. Sheppard, 350 So.2d 615 (La.1977). Defendant has neither alleged nor substantiated fraud or a great wrong. This assignment of error has no merit.

ASSIGNMENTS OF ERROR NUMBER FIVE AND TWENTY-ONE:
By assignment of error number five, defendant submits the state erred by failing to produce evidence favorable to the defense. By assignment of error number twenty-one, defendant submits the trial court erred by denying his motion for a new trial based on the allegation that the state fraudulently argued his intent to steal drugs.[2]
Defendant contends that, immediately after his arrest, he confessed that he entered the pharmacy with the intent to steal cash. This confession is not contained in the appellate record. He urges the state erred by failing to "confess" defendant's acknowledged intent to the jury.
Initially, we note that the substance of these assignments of error, the element of proof of defendant's intent to steal controlled dangerous substances, is pretermitted by disposition of defendant's assignment of error number one. Nonetheless, we elect to treat defendant's allegations at this time.
The record reflects that, in return for defendant's agreement to abandon numerous pretrial motions, the state agreed that it would not introduce defendant's confession or statements of co-defendants. *726 This stipulation was fully explored on the record. Defendant now claims the state had evidence to prove he did not use drugs and that he intended to steal only money, presumably referring to this confession. Having fully participated in the agreement whereby the state offered to proceed to trial without this confession, defendant cannot now claim the state "withheld" evidence. Moreover, there is no indication whatsoever that this evidence was peculiarly in the hands of the state. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Assignment of error number five is without merit.
Defendant's claim that the state fraudulently argued proof of intent is also without merit. The state certainly is not required to accept the veracity of self-serving declarations of an accused. Nor, of course, are the jury members. These assignments of error are without merit.

ASSIGNMENT OF ERROR NUMBER SIX:
By this assignment of error, defendant submits the trial court erred by denying his motion to quash in which he urged the prosecution was untimely under La.C.Cr.P. art. 701. Dismissal of the charges is not the remedy for an untimely prosecution; defendant was entitled only to a discharge of the bond obligation imposed for this charge. State v. Pleasant, 489 So.2d 1005 (La.App. 1st Cir.), writ denied, 493 So.2d 1218 (La.1986). The trial court properly denied defendant's motion to quash. This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER SEVEN:
By this assignment of error, defendant submits the trial court erred by denying his motion to provide funds for the employment of independent experts.
Defendant entered the dual plea of not guilty and not guilty by reason of insanity. He claims that the court thereafter appointed two doctors to examine him; that they were of the opinion that he was capable of assisting counsel and, further, that these doctors found no evidence that he was insane at the time of the offense. Defendant argues he was prevented from establishing the defense of insanity because he was denied access to an independent examination.
The record before us does not contain an indication that the trial court appointed a sanity commission in this case; numerous other charges were apparently pending before the same court. However, the court is not required to appoint a sanity commission simply because the defendant entered a plea of not guilty by reason of insanity. See La.C.Cr.P. art. 650.
Defendant apparently relies on Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), as authority for the proposition that he is entitled to an independent psychiatric examination. Defendant's reliance is misplaced. Ake requires, at a minimum, a prima facie showing that defendant's sanity was a crucial factor in his defense and that the trial court was on notice of that fact when the request for a court-appointed psychiatrist was made. In Ake, the court set forth six factors it found relevant to the question of whether or not Ake's sanity was likely to be a significant factor, as follows:
For one, Ake's sole defense was that of insanity. Second, Ake's behavior at arraignment, just four months after the offense, was so bizarre as to prompt the trial judge, sua sponte, to have him examined for competency. Third, a state psychiatrist shortly thereafter found Ake to be incompetent to stand trial, and suggested that he be committed. Fourth, when he was found to be competent six weeks later, it was only on the condition that he be sedated with large doses of Thorazine three times a day, during trial. Fifth, the psychiatrists who examined Ake for competency described to the trial court the severity of Ake's mental illness less than six months after the offense in question, and suggested that this mental illness might have begun many years earlier. App. 35. Finally, Oklahoma recognizes a defense of insanity, under which the initial burden of producing evidence *727 falls on the defendant. (footnote omitted)
105 S.Ct. at 1098. The only similarity between Ake and the instant case is the state provision which places the burden of proof of insanity upon the defendant. See La.C. Cr.P. art. 652. The trial court was obviously of the opinion that defendant's sanity was not a genuine issue and, thus, could not be a critical factor in his defense. This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER EIGHT:
By this assignment of error, defendant submits the trial court erred by denying his motion in arrest of judgment in which he claimed the indictment was fatally defective because it failed to allege the intent of the entry was to commit the theft of a controlled dangerous substance or that the building was used in part for the sale, storage or dispensing of controlled dangerous substances.
"[A] defendant cannot complain of the insufficiency of an indictment after verdict unless it is so defective that it does not set forth an identifiable offense against the laws of this state, and inform the defendant of the statutory basis of the offense." State v. Robicheaux, 412 So.2d 1313, 1321 (La.1982). The instant indictment clearly identifies the offense of simple burglary of a pharmacy, both by name and by statutory citation. The indictment identifies the pharmacy and the owner of the pharmacy and, contrary to defendant's assertion, particularly charges that the building was used for the "sale, storage and/or dispensing of controlled dangerous drugs." This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER NINE:
By this assignment of error, defendant submits the trial court erred when a state witness was permitted to testify that the pharmacy which was the target of the instant burglary had been broken into approximately eighteen times before. Defendant claims the testimony was not within the scope of the state's opening argument. He also claims he was not notified of the state's intent to use other crimes evidence, and further, that this was inadmissible evidence of other crimes admitted to prejudice defendant by insinuating he committed the other offenses.
La.C.Cr.P. art. 766 requires the state to set forth its theory of the case only in general terms in the opening statement. It is not necessary for the state to detail every shred of evidence in an opening statement. It is sufficient for the state to give a general description of the evidence it plans to introduce. State v. Edwards, 406 So.2d 1331 (La.1981), cert. denied, 456 U.S. 945, 102 S.Ct. 2011, 72 L.Ed.2d 467 (1982). Thus, defendant's claim that the evidence was beyond the scope of the opening argument is without merit.
During the direct examination, Carl Rushing volunteered that the pharmacy had been broken into eighteen times before while testifying about the quickness of his response to the burglar alarm. The evidence was offered to establish his familiarity with the investigative procedures. Despite defendant's contentions that this testimony was deliberately elicited to insinuate defendant had committed these other offenses, the record reflects the testimony was neither solicited by the prosecution nor designed by the witness to prejudice the accused. See State v. Stucke, 419 So.2d 939 (La.1982). The crimes to which the witness referred were not related to the instant prosecution in any way and were not, therefore, subject to exclusion unless prior notice was given. See State v. Prieur, 277 So.2d 126 (La.1973). This assignment of error has no merit.

ASSIGNMENTS OF ERROR TEN AND ELEVEN:
By these assignments of error, defendant submits that the trial court erred by permitting the state to question a witness beyond the scope of cross-examination and by failing to accord defendant the opportunity to cross-examine the witness after the redirect questioning.
Paul Allen, the owner of the Live Oak Pharmacy, testified on behalf of the state. Allen testified that he had been a licensed *728 pharmacist for eighteen years and had owned the Live Oak Pharmacy for eleven years. He testified that the pharmacy sold, stored or dispensed controlled dangerous substances and listed several specific drugs which he dispensed pursuant to prescription. Allen also described the operation of the store's alarm system and related his participation in the apprehension of defendant.
Defendant waived cross-examination. Before discharge of the witness, the state requested the opportunity to ask a few more questions. Defendant objected, arguing the redirect examination would necessarily exceed the scope of cross-examination since none had been conducted. The court denied the objection as a technicality. Thereafter, Allen testified that he dispensed controlled dangerous substances from the date the pharmacy opened to the present and, particularly, dispensed controlled dangerous substances on the date of the burglary. Thereafter, the witness was excused without further objection by defendant.
Defendant now claims he was denied the opportunity to confront his accusers. He claims he was prejudiced because the court's actions circumvented the strategy he elected by waiving his right of cross-examination.
La.R.S. 15:281 provides that "redirect examination must be confined to the subject matter of the cross-examination and to the explanation of statements elicited on cross-examination; but the application of this rule is within the discretion of the trial judge, provided that the opportunity... to recross on the new matter brought out on the redirect" is not denied. State v. Hathorn, 395 So.2d 783 (La.1981). In any case, the trial court has great discretion in controlling the redirect examination of witnesses which will not be overturned on appeal absent an abuse. State v. Chapman, 410 So.2d 689 (La.1981).
We find no abuse of discretion in the court's authorization of the state's direct examination. Specifically, we are not aware of any manner by which defendant could have been prejudiced by the redirect testimony. Moreover, despite defendant's allegation that the court erred in failing to re-tender the witness, we note that defendant was not denied the opportunity to recross-examine the witness; he failed to assert his desire to do so. The purpose of the contemporaneous objection rule, La.C.Cr.P. art. 841, is to provide the trial court the opportunity to recognize and correct possible trial errors. See State v. Ratcliff, 416 So.2d 528 (La.1982). While the court should have offered defendant the opportunity to recross or waive examination of the witness, defendant's failure to object at a time when the court could do so waived any possible error.

ASSIGNMENT OF ERROR NUMBER TWELVE:
By this assignment of error, defendant submits the trial court erred by permitting the state to introduce two exhibits without first establishing the proper foundation.
The state attempted to introduce several physical items, including a knife, a gun, two radios, a piece of plywood and a brace and bit. All of the items had tentatively been identified by state witnesses as items similar to evidence discovered in the Live Oak Pharmacy after defendant had been apprehended. After receiving testimony relative to the chain of custody, the trial court disallowed several of the exhibits, permitting the state to introduce only the plywood and the brace and bit.
Defendant contends that the evidence was not admissible because the chain of custody was not established. However, in order to admit demonstrative evidence at trial, it is necessary only that the object be identified. This identification can be visual, that is, by testimony at trial that the object exhibited is the one related to the case; or the object may be identified by chain of custody. State v. Sweeney, 443 So.2d 522 (La.1983). A sufficient foundation has been laid for the admission of demonstrative evidence if it has been established that it is more probable than not that the object is the one connected with the *729 case. State v. Smith, 430 So.2d 31 (La. 1983).
Carl Rushing testified that he saw a hole in the roof approximately one and one-half feet square that had been cut through the pharmacy roof with a brace and bit. He further testified that he saw the plyboard which had been removed and the brace and bit on the shingles of the roof. Rushing identified the state's exhibits as appearing similar to the objects he saw at the pharmacy.
While, perhaps, the other objects sought to be introduced might not have been as readily identifiable, the trial court obviously found the plyboard and a brace and bit to be particularly susceptible to visual identification. Rushing's testimony established that the exhibits were, more probably than not, connected to the case. This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER FOURTEEN:
By this assignment of error, defendant submits the trial court erred by ordering the courtroom doors locked, thereby denying him a public trial.
Defendant objected when the court ordered the doors locked during trial. The court overruled the objection, stating that the public could freely enter or leave when the doors were open but, for security reasons and other considerations, the doors would remain locked during the trial itself. Defendant now argues that the locked doors prejudiced him in the eyes of the jury; and, further, he was prejudiced because the locked doors prevented his timely awareness that his witnesses were not present.
"A court possesses inherently all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders. It has the authority and duty to require that its proceedings shall be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done." La. Const. art. 5, § 1; La.C.Cr.P. art. 17; State v. Chaisson, 425 So.2d 745, 748 (La.1983). In the absence of a showing of a misuse of his discretion injurious to a fair trial, this court will not substitute its judgment on such matters for that of the trial judge. See State v. Brown, 410 So.2d 1043 (La. 1982). In the present case, there has been no such showing. Defendant has not alleged or proven any facts which indicate that the jury, sequestered when the court issued its order, was even aware that the court room doors were locked. Further, defendant's argument that he was prejudiced because he was not aware his witnesses were not present is totally without merit. All witnesses were sequestered and would not have been allowed in the courtroom even if the doors had remained unlocked. Defendant was not denied access to his witnesses by the court's order. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER FIFTEEN:
By this assignment of error, defendant argues the trial court erred by failing to guarantee compulsory process. He submits that he was prejudiced because none of the twelve witnesses subpoenaed by the defense were present for trial.
After the state rested, defendant moved for a directed verdict of acquittal, which the court denied. Thereafter, defense counsel "objected" to the fact that none of defendant's witnesses were present. The court specifically asked if defendant, by his objection, was moving for a continuance more properly a recessbased on the absence of the witness. Defense counsel advised the court that he did not move for a continuance but, rather, waived the presence of his witnesses. The court then listed each witness subpoenaed by defendant and received a direct waiver on the record of the testimony of that witness by defendant. Defendant then stated he was ready to proceed with the trial and, after the jury returned, rested his case.
Defendant now argues that he refused the court's offer of a continuance because, since the trial had started, a continuance would not have been lawful. See La.C. Cr.P. art. 708. We note, however, that defendant voiced his objection to the *730 court's improper denomination of a recess for the first time on appeal. The transcript clearly reflects that the trial court offered to evaluate a defense request for a trial delay to secure witnesses and properly attempted to ascertain the facts to which the absent witnesses would testify in order to make its ruling. Defendant rejected the court's assistance, choosing to waive his right to call witnesses and rest the defense, apparently in order to expedite jury deliberations. He cannot now complain because his chosen strategy failed. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER SEVENTEEN:
By this assignment of error, defendant claims the court erred by denying his motion for a new trial in which he urged the state committed reversible error by producing a pistol before the jury which was the fruit of a confession that the state had previously stipulated it would not use.
Although the pistol was offered by the state, the court refused to admit it into evidence. Initially, we note that defendant failed to object to the pistol during trial. Thus, any error is waived. La.C.Cr.P. art. 841. Further, it is clear that the state stipulated it would not offer the testimony of any co-defendant or a statement by defendant himself; evidence which might have been obtained as a result of a co-defendant's statement or a statement of defendant was not a part of the state's agreement. Moreover, there is no evidence of record that the pistol was obtained as the direct result of defendant's statement. In any event, this court is convinced that the pistol did not contribute to the jury's verdict. La.C.Cr.P. art. 921. We further note that the trial judge specifically instructed the jury that any items not admitted as evidence was not to be considered in arriving at a verdict. This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER EIGHTEEN:
By this assignment of error, defendant submits the trial court erred by denying his motion for a new trial based on the introduction by the state of evidence surrounding his apprehension and arrest. Defendant argues that evidence of his arrest was inadmissible because the trial court found no probable cause to hold defendant after the preliminary examination. He concludes that this finding confirms that his arrest was illegal; thus, he claims evidence of his arrest was an inadmissible "fruit" of this illegal seizure.
Defendant misunderstands the purpose of a preliminary examination. A finding of no probable cause is not a judicial dismissal. It does not, in any way, affect the validity of the charges. See State v. Sterling, 376 So.2d 103 (La.1979). Nor does the finding relate to the legality of defendant's arrest; it is concerned only with the existence of probable cause to deprive defendant of his liberty. This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER TWENTY:
By this assignment of error, defendant submits the trial court erred by denying his motion for a new trial. He contends the verdict is invalid because only ten of twelve jurors voted in favor of conviction. Defendant argues that a conviction returned by only ten jurors can be equated to a verdict rendered by only 83 1/3 percent of the total jury body, corresponding to a "C" or average passing grade. Alternatively, defendant contends a verdict by only ten of twelve jurors corresponds to a verdict rendered by five of six jurors, which has been held to be constitutionally insufficient.
Defendant's comparison of a jury verdict with a classwork grading scale is entirely without substance. Similarly, a verdict rendered by a six member jury cannot be equated to a verdict rendered by a jury of twelve. See Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). Further, even if defendant had chosen a reasonable vehicle by which to raise his argument, his claims are without merit. The Louisiana Constitution specifically authorizes a verdict rendered by ten of twelve jurors. La. Const. Art. 1, § 17. Moreover, a verdict returned by only ten jurors does not violate an accused's Sixth Amendment *731 right to a jury trial. Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972). This assignment of error is without merit.

ASSIGNMENTS OF ERROR NINETEEN, TWENTY-TWO, TWENTY-THREE, TWENTY-FOUR, TWENTY-FIVE AND TWENTY-SEVEN:
By these assignments of error, defendant submits the trial court erred by denying his motion for a new trial in which he argued the court's charge to the jury was incomprehensible, erroneous, insufficient or unconstitutional.
Initially, we note that, with the exception of assignment of error number twenty-two, all of defendant's assignments on this matter were raised for the first time in his motion for a new trial. An objection to a jury charge raised for the first time on appeal is untimely. See State v. Mack, 403 So.2d 8 (La.1981). Moreover, all of defendant's allegations are either pretermitted in light of our disposition of assignment of error number one or were specifically waived by defendant. Notwithstanding, we elect to consider the substance of these allegations.
By assignment of error number nineteen, defendant contends the trial court erred by denying his motion for a new trial based on alleged mispronunciations or improper spelling of various chemical terms in its charge. The record reflects only that the trial court read the entirety of La.R.S. 40:964 to the jurors, spelling some of the terms contained therein. Defendant has made no showing whatsoever that he was prejudiced by the court's action. La.C. Cr.P. art. 921.
In assignment of error number twenty-two, defendant complains that the trial judge charged the jury according to the version of La.R.S. 40:964 in effect in 1984, rather than 1983, the date the crime was committed. The record reflects, however, that defendant raised this issue regarding the court's preliminary charge by objection at the conclusion of the state's case in chief. In its preliminary charges, the court advised the jury only of the number of substances contained in each subsection. The court did not name any of the substances. In its final charge, the court read La.R.S. 40:964 as it existed in 1983. Thus, defendant's claim that he might have been prejudiced because the jurors returned a verdict based on the substance added in 1984 is totally without merit.
By assignment of error twenty-three, defendant contends that the court's charge was of such a nature that a person of average intelligence could not possibly understand all the law to be applied. "It is generally recognized that a judge's charge must be considered as a whole, and particular expressions construed with reference to the context." State v. George, 346 So.2d 694, 704 (La.1977). That portion of the charge to which defendant now objects was not erroneous nor prejudicial.[3] Rather, the court's charge advised the jury that the intent to steal a controlled dangerous substance must be found. Further instructions were simply an amplification of this premise.
By assignments of error twenty-four and twenty-five, defendant contends that the court erred by failing to charge the jury on insanity and by failing to provide the responsive verdict of not guilty by reason of insanity since he entered the dual plea of not guilty and not guilty by reason of insanity.[4]
*732 When a defendant has entered a sanity plea, upon proper request the court is required to charge the jury on the law applicable to a verdict of not guilty by reason of insanity. State v. Watkins, 340 So.2d 235 (La.1976); State v. Liesk, 326 So.2d 871, on rehearing, (La.1976). Defendant did not request a sanity charge; rather the record reflects that the plea was withdrawn during a bench conference regarding the jury charges. At that time, defendant commented that he would rely upon the denial of his motion for the appointment of experts. In any event, the charges and verdict list were examined by defendant and pronounced sufficient. These assignments of error have no merit.
By assignment of error number twenty-seven, defendant contends that the statutory provision respecting the inference of intent, La.R.S. 15:445, is unconstitutional. Defendant contends that this charge created a presumption which removed the burden of proving the essential element of intent to steal controlled dangerous substances from the state.
A charge based on La.R.S. 15:445 does not create a mandatory presumption. See State v. Ward, 483 So.2d 578 (La.), cert. denied, ___ U.S. ___, 107 S.Ct. 244, 93 L.Ed.2d 168 (1986). Under the facts of this case, it is clear that the court's charge was a reasonable, permissive inference.

ASSIGNMENT OF ERROR NUMBER TWENTY-EIGHT:
By this assignment of error, defendant submits the trial court erred by denying his motion for a new trial in which he alleged that the trial court erred by permitting a state witness to testify as an expert witness without proper qualification. He argues the trial court improperly permitted Paul Allen to testify that controlled dangerous substances were stored or dispensed from the premises. Initially, we note defendant failed to object to this testimony at the time of occurrence, thereby waiving any objection. La.C.Cr.P. art. 841. Yet, we elect to treat defendant's argument at this time.
Paul Allen was the owner of the Live Oak Pharmacy and testified that he had been a licensed pharmacist for eighteen years. In view of his training and experience, the witness was qualified to testify that he stored and dispensed controlled dangerous substances. La.R.S. 15:464; see also State v. King, 355 So.2d 1305 (La. 1978). This assignment of error has no merit.
For the foregoing reasons, the verdict is modified and judgment of conviction of the lesser included offense of simple burglary is rendered. The matter is remanded for sentencing for the lesser offense.
VERDICT VACATED AND AMENDED; REMANDED FOR RESENTENCING.
NOTES
[1] In his brief on this issue, defendant claims the state dismissed the information during the preliminary hearing. In his discussion of assignment of error eighteen, defendant contends the trial court concluded the preliminary examination with a finding of no probable cause. The record does not contain a minute entry of the proceeding; therefore, the actual result is unclear. For purposes of this appeal, the ruling is irrelevant.
[2] Defendant also contends that simple burglary is actually a greater offense than simple burglary of a pharmacy. Thus, he claims, evidence that he confessed to the greater offense is exculpatory evidence the state should have been required to produce. Apparently, defendant was able to convince the trial court that simple burglary of a pharmacy is the lesser offense. However, burglary of a pharmacy has a mandatory minimum sentence and a prohibition against probation or parole, while simple burglary does not. Therefore, simple burglary is the lesser offense. See State v. Dufore, supra. While it is possible that defendant is not eligible for probation or parole if convicted of simple burglary, the grounds for the ineligibility are independent from the statute itself. See La.C.Cr.P. art. 893; La.R.S. 15:574.4.
[3] We note, however, that the judge's charge in which he informed the jury that the only responsive verdict was attempted simple burglary of a pharmacy was not correct in light of State v. Dufore, supra. However, it is clear that defendant occasioned the erroneous charge by convincing the court that no other responsive verdicts were available. Therefore, although the jury charges and responsive verdict lists were erroneous, we find no prejudice to the accused. See State v. Beavers, 394 So.2d 1218 (La.1981).
[4] Defendant also claims La.C.Cr.P. art. 652, which provides that defendant bears the burden of proving insanity, is unconstitutional. This argument is beyond the scope of defendant's assignment of error. La.C.Cr.P. art. 920. Moreover, it is without merit. State v. Felde, 422 So.2d 370 (La.1982), cert. denied, 461 U.S. 918, 103 S.Ct. 1903, 77 L.Ed.2d 290 (1983).