| ¡CALOGERO, Chief Justice,
dissents from the denial of the writ application.
The applicant raises an interesting issue that prompts me to prefer to grant this application and to set the matter for oral argument. The applicant contends that a straightforward reading of Article 305 B(l)(b) of the Children’s Code[1] requires that for divesting the Juvenile Court of jurisdiction there must be a continued custody hearing with a probable cause determination and the filing of a bill of information. The State counters that Articles 305 B(3) and (4)[2] give the District Attorney | ¡.complete discretion to file a petition in Juvenile Court or file a bill of information in the Criminal District Court. The issue to be resolved is whether the District Attorney can divest the Juvenile Court of its jurisdiction simply by filing a bill of information or whether the bill of information must be coupled with a continued custody hearing and a finding of probable cause by the Juvenile Court judge.
*1047 The statutory provisions are ambiguous as to the procedures the District Attorney must follow to divest the Juvenile Court of jurisdiction over children fifteen years of age or older at the time of the commission of the offenses listed in Article. 305B(2). Additionally, State v. Hamilton:, 96-0107, p. 1 (La.7/2/96), 676 So.2d 1081, does not address this issue in a controverted case. The opinion simply recites or restates the precise provisions of Art. 305.
Raymond Veal was fifteen years old when he was arrested for aggravated burglary. On December 28, 1999, he appeared in Juvenile Court when an attorney with the Orleans Parish Indigent Defenders’ Office was appointed to represent him. His lawyer thereupon stipulated to probable cause, without consulting either the defendant or a concerned adult representing the juvenile’s interests, and without having the benefit of or attempting to secure a continuance so that she could obtain a supplemental police report, one which as it turned out indicated that one of the two victims of the aggravated burglary could not identify the perpetrators of the crime[3]. The applicant contends that appointed counsel’s stipulation to probable cause is the action that coupled with the bill of information filed by the District Attorney caused the transfer of the case to the Criminal District Court. If the attorney’s stipulation isjjthe event that triggered the transfer of the case from the Juvenile Court to Criminal District Court, then that stipulation, in my view, constituted ineffective assistance of counsel in this case and would warrant remanding this case to the Juvenile Court for a continued custody hearing. On the other hand, if the proper construction of this article is that irrespective Art. 305 B(l)(b), Art. B(3) and (4) gives the District Attorney unfettered discretion to move a juvenile to Criminal District Court by filing a bill of information, then Criminal District Court judge erred in transferring the ease back to Juvenile Court.
While I am not prepared to say that the applicant is correct in his assertion as to when the Juvenile Court can be divested of its exclusive jurisdiction, the issue is sufficiently unclear as to warrant our granting the writ in this case. For the foregoing reasons, I would grant the writ, and thus dissent from the denial of this writ application.
Ii JOHNSON, J., would grant the writ application for the following reasons.
The defendant/applicant, Raymond Veal, was denied his statutory rights as a juvenile and his right to due process under the Constitution. Veal, 15 years of age at the time of his arrest, was charged as an adult in criminal district court after his court appointed counsel from Orleans Parish Indigent Defender’s Office (“OIDP”) stipulated to probable cause without consulting with Veal or his parenVguardian.
The Juvenile Court is vested with “original and exclusive jurisdiction” of a minor. The Children’s Code mandates a judicial determination that probable cause exists before a juvenile may be transferred for trial as an adult. La. Ch.C. art. 305(B); 819-820. Art. 305(B) reads in pertinent part:
(B)(1) When a child is fifteen years of age or older at the time of the commission of any of the offenses listed in Subparagraph (2) of this Paragraph, he is subject to the exclusive jurisdiction of the juvenile court until whichever of the following occurs first:
(a) An indictment charging one of the offenses listed in Subparagraph (2) of this Paragraph is returned.
(b) The juvenile court holds a continued custody hearing and finds probable cause that the child has committed any of the offenses listed in *1048 Subparagraph (2) of this Paragraph and a bill of information charging any of the offenses listed in Subpar-agraph (2) of this Paragraph is filed.... (Emphasis added)
Pursuant to art. 305(B), there are two ways in which the juvenile court’s original and exclusive jurisdiction may be divested. The district attorney may either successfully seek an indictment of the juvenile under 305(B)(1)(a) or may file a bill of information and hold a continued custody hearing and make a showing of probable cause in the juvenile court that the child has committed the offense under 305(B)(1)(b). If the district attorney chooses to prosecute in juvenile court, the filing of a bill of information is not sufficient to divest the juvenile court of it’s jurisdiction. Clearly, 305(B)(1)(b) requires a finding of probable cause as well as the filing Isof a bill of information before the juvenile court is divested of it’s jurisdiction.
The district attorney in the present case elected to proceed in juvenile court under 305(B)(1)(b) by filing a bill of information charging Veal with aggravated burglary. However, there was no continued custody hearing whereby the state proved that probable cause existed. Instead, the OIDP attorney stipulated to probable cause, thereby compromising the rights of Veal. Since the district attorney did not elect to seek an indictment under 305(B)(1)(a), he should not be allowed to argue now that he could have proceeded directly in criminal district court under 305(B)(1)(a) without a finding of probable cause. It is clear that the juvenile’s rights were compromised in juvenile court when the case was transferred to criminal district court without a finding of probable cause.
The United States supreme Court has held in Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84(1966), that the Juvenile Court’s determination whether to waive its exclusive jurisdiction, so as to authorize a minor to be criminally prosecuted in the District Court, is a “critically important” action determining vitally important statutory rights of the juvenile.
The Juvenile Court is vested with “original and exclusive jurisdiction” of the child. This jurisdiction confers special rights and immunities. A minor is, as specified by statute, shielded from publicity. He may be confined, but with rare exceptions, he may not be jailed along with adults. He may be detained, but only until he is 21 years of age. The court is admonished by the statute to give preference to retaining the child in the custody of his parents “unless his welfare and that safety and protection of the of the public can not be adequately safeguarded without removal.” The child is protected against consequences of adult conviction such as the loss of civil rights, then use of adjudication against him in subsequent proceedings, and disqualification for public employment. Kent, supra.
The court in State in the Interest of Clifton Joshua, 327 So.2d 429 (La.App. 4 Cir.1976), held that the juvenile was entitled to a preliminary examination (probable cause hearing), finding that a juvenile is entitled to the same constitutional safeguards as an adult. In State in the Interest of Darryl Morrison, 406 So.2d 246 (La.App. 1 Cir.1981), the court held that the legislature has granted the juvenile the right to call witnesses, to cross-examine witnesses, and to be represented by counsel, in enacting the Code of Juvenile Procedure, by not altering those rights as announced in Joshua, supra.
In the instant case, the Juvenile Court deprived Veal of the safeguards afforded by statute and our Constitution when it allowed the OIDP attorney to stipulate to probable cause instead of |3conducting a “hearing” whereby the state is required to prove probable cause as mandated by La. Ch.C. art. 819 and 820. Stipulating to probable cause, like waiving exclusive jurisdiction in Kent, supra, has a profound effect on the rights of a juvenile. Once *1049 transferred to criminal court, the special rights and immunities as set forth in Kent are no longer afforded to the juvenile. Further, once a juvenile is transferred to criminal district court, he can never be tried in juvenile court again.
What makes the decision to stipulate to probable cause (instead of a probable cause hearing) more egregious, is the fact that one of the victims of the alleged crime, SL Williams, has sworn by affidavit that he is positive that Veal and co-defendant, Dawson, were not the perpetrators of the crime. His statement reads, in pertinent part:
“I am positive that it was not Raymond Veal, Shawn Dawson or Damon Dawson who broke into my house on Christmas night. I told the police that it was not them when they showed us these boys when they were arrested. The men who broke into the apartment were much older, in their mid twenties.
I had a good chance to look at them while they were in the apartment, and I knew as soon as the police pulled the kids out of the car that they were not the men who broke into the apartment.” (Emphasis added) •
Probable cause, in general, exists when the facts and circumstances within the arresting officer’s knowledge, and of which he has reasonable and trustworthy information, are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. Gibson v. State, 99-1730, (La.4/11/00), 758 So.2d 782. Citing Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); Miller v. East Baton Rouge Parish Sheriffs Dept. 511 So.2d 446 (La.1987); State v. Wilson, 467 So.2d 503 (La.1985). At the time of Veal’s arrest, the arresting officers were well afyare of SL Williams’ positive statement that neither Veal nor his co-defendants were the perpetrators of the crime. The state was required by law to meet its burden at a continued custody hearing and prove that despite their knowledge of SL Williams’ statement, there were sufficient facts to justify the belief that Veal and his co-defendants committed the offense.
In light of the violation of Veal’s statutory and constitutional rights, I would grant this writ to reverse the decision of the court of appeal and reinstate the trial court’s decision to quash the bill of information and to transfer this matter back to Juvenile Court.

. La. Ch.Code art. 305(B)(1) provides:
When a child is fifteen years of age or older at the time of the commission of any of the offenses listed in Subparagraph (2) of this Paragraph, he is subjected to the exclusive jurisdiction of the juvenile court until whichever of the following occurs first:
(a) An indictment charging one of the offenses listed in Subparagraph (2) of this Paragraph is returned.
(b) The juvenile court holds a continued custody hearing and finds probable cause that the child has committed any of the offenses listed in Subparagraph (2) of this Paragraph and a bill of information charging any of the offenses listed in Subpara-graph (2) of this Paragraph is filed. (Emphasis added)

. La. Ch.Code arts. 305(B)(3) and (4)provides:
(3) The district attorney shall have the discretion to file a petition alleging any of the offenses listed Subparagraph (2) of this paragraph in juvenile court or, alternatively to obtain an indictment or file a bill of information. If the child is being held in detention, the district attorney shall make his election and file the indictment or bill of information or petition in the appropriate court within thirty calendar days after the child’s arrest, unless the child waives this right.
(4) If an indictment is returned or a bill of information is filed, the child is subject to the exclusive jurisdiction of the appropriate court exercising criminal jurisdiction for all subsequent procedures, including the review of bail applications, and the child shall be transferred forthwith to the appropriate adult facility for detention prior to his trial as an adult.

. Additionally, the application contains an affidavit from this victim, SL Williams, stating that he told the police that the accused juveniles were not the perpetrators of the aggravated burglary.